445 A.2d 549

**COMMONWEALTH of Pennsylvania**

v.

**Gary MARTIN, Appellant.**

Superior Court of Pennsylvania.

Submitted April 7, 1981.

Filed May 7, 1982.

Jeffrey M. Voluck, Philadelphia, for appellant.

Ann C. Lebowitz, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, HOFFMAN and VAN der VOORT, JJ.

PER CURIAM:

Appellant was tried before Judge Prattis, non-jury, on charges of burglary, indecent assault, simple assault, attempted rape, and unlawful restraint. The judge sustained a demurrer to the burglary charge and found appellant guilty on the other four charges. Motions for a new trial and in arrest of judgment were denied. On October 14, 1977, the court imposed a sentence of one (1) to three (3) years imprisonment for attempted rape. Sentence was suspended on the remaining charges. On November 14, 1977, appellant filed a notice of appeal to this court. On the same day a petition for reconsideration of sentence was filed. On November 30, 1977, the court vacated the original sentence and sentenced appellant to eleven and one-half (11½) to twenty-three (23) months allowing appellant to enter a work release program.

Appellant raises numerous issues on this appeal. Due to numerous and questionable procedural irregularities we need not address such issues at this time.

As previously noted the notice of appeal was filed on November 14, 1977. On November 21, 1977, the lower court entered an order pursuant to Rule 1925(b) Pa.R.A.P. requiring appellant to file a statement of issues raised on appeal. On June 26, 1980, as no statement of reasons was forthcoming, the lower court filed an opinion finding that the appeal should be dismissed for failure to comply with Rule 1925(b). On August 19, 1980, this court in a Per Curiam Order dismissed such appeal as appellant had failed to timely file a brief. On November 25, 1980, new counsel for appellant filed a Petition to Reinstate the Appeal averring that a brief could be filed immediately upon granting such petition. On December 18, 1980, this court in a Per Curiam Order reinstated the appeal. On January 6, 1981, appellant was granted an extension of time to file a brief. On March 3, 1981, the Commonwealth was granted an extension of time within

which to file a brief. Appellant's motion to postpone oral argument was denied on April 8, 1981.

As of the writing of this Opinion, we still do not have the benefit of an opinion of the trial court addressing the issues. This is the result of appellant's failure, for whatever reasons, to file a statement of matters complained of on appeal. Anticipating appellant's claim that such omission was a result of prior counsel's ineffectiveness, we do not hold, at this time, that appellant has waived all objections, instead we direct appellant to file a concise statement of matters complained of within thirty (30) days of this order. If such statement is not so filed within the thirty (30) days, this appeal will be dismissed. Should appellant not timely file such statement, appellant's bond shall be revoked and he shall be committed to comply with the sentence; the court below shall then notify the prothonotary of this court who shall enter an order dismissing the appeal.

If the statement is timely filed, we further direct the lower court to file an opinion addressing appellant's contentions, within sixty (60) days of receipt of appellant's statement pursuant to Rule 1925(b).

Record remanded for proceedings not inconsistent with this Opinion. We retain jurisdiction to decide this appeal after the above directives have been complied with.