689 A.2d 242

**COMMONWEALTH of Pennsylvania**

v.

**Donald STILLEY, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 3, 1996.

Filed Jan. 9, 1997.

---

544

548

Gavin P. Lentz, Philadelphia, for appellant.

Hollie John, Assistant District Attorney, Norristown, for the Commonwealth, appellee.

Before CIRILLO, President Judge Emeritus, and HOFFMAN, J., and CERCONE, President Judge Emeritus.

CIRILLO, President Judge Emeritus:

Donald Stilley appeals from a judgment of sentence entered in the Court of Common Pleas of Montgomery County. We affirm.

On June 7, 1993, Appellant Donald Stilley was arrested and charged with various criminal offenses for allegedly locking his ex-girlfriend in his office and forcing her to drink a steroid-based body-building drink, Gamma Hydroxybutyric Acid ("GHB"),[1] which caused her to become drowsy and ill.

---

1. The record evidences that the ingestion of large quantities of GHB may cause a person to suffer severe vomiting and drowsiness. The victim, Miss Diamond, became ill, drowsy and ultimately unconscious from the liquid. She was taken to Montgomery Hospital, in Norris-

On June 15, 1993, the Commonwealth filed a criminal complaint against Stilley. Over two years later, on June 9, 1995, a jury convicted Stilley of simple assault, terroristic threats, false imprisonment, and criminal mischief. The court sentenced Stilley to a term of five years probation. Stilley filed a timely appeal our review:

(1) Did the trial court err in entering a memorandum opinion recommending the Superior Court dismiss Mr. Stilley's appeal simply because Mr. Stilley's concise statement of issues was filed late after an administrative error?

(2) Did the trial court's denial of Mr. Stilley's motion to dismiss pursuant to Rule 1100 constitute reversible error?

(3) Did the trial court's admission into evidence of Dr. Peifer's testimony as it pertained to medical records that were not turned over to Mr. Stilley in violation of Judge Moore's discovery order constitute reversible error? [2]

(4) Did the trial court err in failing to declare a mistrial after ADA Maloney improperly cross-examined character witness Michael Ullman about a "violent incident" that occurred on May 7, 1993, after being specifically ordered not to question witnesses about that incident?

(5) Whether Mr. Stilley was prejudiced and denied his constitutional right to a public trial and right to counsel when he and his family were locked out of the courtroom while the court addressed the jury, in the absence of counsel, regarding the status of its deliberations and the possibility of a mistrial?

town, Pennsylvania, and admitted to the intensive care unit where she was evaluated and eventually released.

2. Appellant never addresses this argument in his brief. Rather, he complains that the court improperly allowed medical record evidence which should have been excluded because of the Commonwealth's failure to comply with discovery requests until the eve of trial. This argument is completely unsupported and made without any reference to case law or legal analysis. We, therefore, will not address it; we will not become appellant's counsel when issues are not properly raised and developed in appellate briefs and when the brief contains issues inadequate for review. *Commonwealth v. Sanford,* 299 Pa.Super. 64, 445 A.2d 149 (1982).

(6) Did the trial court err in failing to declare a mistrial after the complaining witness testified that she had won her civil case against Mr. Stilley? [3]

(7) Did the trial court err in failing to place numerous side bar and chamber conversations on the record in violation of Pa.R.Crim.P. 9030(a), severely hindering Mr. Stilley's defense and the review of the record for the purpose of the appeal?

(8) Whether trial counsel [4] rendered ineffective assistance of counsel when:

(a) Mr. Stretton failed to conduct voir dire of Dr. Peifer who was not qualified to render an expert opinion that the complaining witness was suffering from an overdose of GHB;

(b) Mr. Stretton failed to conduct voir dire of Dr. Hayes who was not qualified to render an expert opinion that the complaining witness was suffering from an overdose of GHB;

(c) Mr. Stretton failed to call Gavin Lentz, Esquire, to rebut Clyde Liddick's testimony as it pertained to confiscated evidence and tests conducted on that evidence;

(d) Mr. Stretton failed to have numerous side bar conversations on the record in violation of Pa.R.Crim.P. 9030(a);

**3.** Again, Appellant fails to address this argument in his brief. The argument is completely unsupported and made without any reference to case law or legal analysis. We, therefore, will not address it; we will not become appellant's counsel when issues are not properly raised and developed in appellate briefs and when the brief contains issues inadequate for review. *Commonwealth v. Sanford*, 299 Pa.Super. 64, 445 A.2d 149 (1982).

**4.** The following lists the order of counsel that represented Stilley pretrial until the present appeal:

*10/07/93*—Richard Winters, Esq., enters his appearance.
*06/30/94*—Winters withdraws appearance.
*06/30/94*—Gavin Lentz, Esq., enters his appearance.
*07/13/94*—Winters withdraws appearance.
*07/13/94*—Lentz enters his appearance.
*03/17/95*—Samuel Stretton, Esq., enters his appearance.
*08/04/95*—Lentz reenters his appearance.
*08/14/95*—Stretton withdraws representation.

(e) Mr. Stretton failed to accept the trial court's offer for a mistrial, against Mr. Stilley's wishes, after ADA Maloney presented additional medical records that contradicted Mr. Stretton's opening statement?

 On August 18, 1995, the trial court ordered Stilley to file a Statement of Matters Complained of on Appeal. *See* Pa.R.A.P.1925. Not until June 6, 1996, almost one year after the court's request, did Stilley file such a statement. The trial court has prepared a memorandum suggesting that this court dismiss Stilley's appeal due to the inordinate delay in his filing of a 1925(b) Statement. According to Rule 1925(b) of our Rules of Appellate Procedure:

> The lower court forthwith may enter an order directing the appellant to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal **no later than 14 days after entry of such order.** A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of.

Pa.R.A.P.1925(b) (emphasis added). The purpose of Rule 1925(b) is to facilitate appellate review by requiring the trial court to supplement the record with an opinion addressing the merits of the issues raised in the appeal. *Commonwealth v. Silver,* 499 Pa. 228, 452 A.2d 1328 (1982). Although discretionary, an appellate court may invoke the waiver provision only where the failure to file a statement or an omission from a statement of issues raised on appeal defeats effective appellate review. *Id.* The "[m]ere omission from the statement of matter complained of on appeal of an issue preserved by post-verdict motion, [if necessary,] argued before and disposed of by the trial court, and briefed on appeal, will not, in itself, defeat effective review of that issue." *Id.* at 238, 452 A.2d at 1333.

 Even if meaningful review is not possible without the trial court opinion, the appellate court, while retaining jurisdiction, may remand the record with directions to the appel-

lant to furnish the statement and, if the statement is timely filed, to the trial court to file an opinion addressing the appellant's claims. *Commonwealth v. Martin,* 299 Pa.Super. 250, 445 A.2d 549 (1982). *See also Commonwealth v. Cortes,* 442 Pa.Super. 258, 659 A.2d 573 (1995) (the concept of waiver for failing to raise an issue in post-sentence motion is abrogated under Rule 1410(B)(1)(c); this court will not discharge its function unless meaningful review is not possible without a trial court opinion). Our independent review of the record discloses that although the trial court opinion does not address the issues on appeal, the record is sufficient so as not to prevent us from conducting a meaningful review of the issues raised by Stilley. Accordingly, we do not find the issues waived.

Stilley first claims that the court improperly denied his Rule 1100 motion. He asserts that the almost two-year time period from the filing of the complaint until the handing down of the verdict violated his right to a speedy trial and should have resulted in the dismissal of his case. We disagree.

Pennsylvania Rule of Criminal Procedure 1100 states, in part:

> (a)(3) Trial in a court case in which a written complaint is filed against the defendant, where the defendant is at liberty on bail, shall commence no later than 365 days from the date on which the complaint is filed.

Pa.R.Crim.P. 1100(a)(3).[5] The Commonwealth filed its criminal complaint against Stilley on June 15, 1993; thus, for purposes of Rule 1100, he should have been tried by June 14, 1994. His actual trial date, however, was May 30, 1995, 688 days after the filing of the criminal complaint and 323 days beyond the prescribed 365–day run date.

---

**5.** Under the pre-amended Pa.R.Crim.P. 1100, at any time prior to the commencement of trial the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. In 1987, the court deleted this provision. Because the criminal complaint involved in this appeal was filed after the effective date of this amendment to Rule 1100, the Commonwealth was not entitled to the benefit of filing any extensions.

A defendant on bail, who is not brought to trial within 365 days of the filing of the complaint may, at any time before trial, apply to the court to have his or her case dismissed with prejudice. Pa.R.Crim.P. 1100(g). The court shall hold a hearing and determine whether the Commonwealth has exercised due diligence and whether the circumstances underlying the postponement were beyond the control of the Commonwealth. *Id.* If, at any time, it is determined that the Commonwealth did not exercise due diligence, the court shall dismiss the charges and discharge the defendant. *Id.*

Recently, our supreme court analyzed Rule 1100, stating:

This Court promulgated Rule 1100 to give substantive effect to the United States Supreme Court's observation that state courts could, pursuant to their supervisory powers, establish fixed time periods within which criminal cases must normally be brought by the Commonwealth. [citations omitted]. Rule 1100 provides that a trial must commence at most no later than 365 days from the date on which the criminal complaint is filed **unless there is excusable delay caused by the defendant, his counsel or court congestion.** Pa. R.Crim.P. 1100(a)(3).

*Commonwealth v. DeBlase,* 542 Pa. 22, 30–31, 665 A.2d 427, 431 (1995) (emphasis added).

■ Our scope of review in determining whether the trial court properly dismissed Stilley's petition for dismissal under Rule 1100 of the Rules of Criminal Procedure is limited to the evidence on the record of the Rule 1100 evidentiary hearing and the findings of the trial court. *Commonwealth v. Edwards,* 528 Pa. 103, 105, 595 A.2d 52, 53 (1991). When we consider the evidence and the findings we must view the facts in the light most favorable to the prevailing party, in this case the Commonwealth. *Id.* In determining the period for commencing a trial, we are reminded of the fact that the court shall exclude any period of delay which is a result of any continuance granted at the defense's request. Pa.R.Crim.P. 1100(c)(3).

First, we recognize that the docket is replete with changed trial dates, relistings, and continuances. For purposes of clarity, we will outline the following summary of relevant events:

*06–15–93*—Commonwealth files criminal complaint against Stilley.

*10–14–93*—Defense counsel makes first request to Commonwealth to provide him with copies of the victim's medical records.

*02–18–94*—Case first listed for trial. Continued at defense's request because defense waiting for the prosecution to provide the victim's hospital records. Case relisted and continued until April 6, 1994. Court order entered notes that continuance was a "joint request."

*04–06–94*—Continued at the request of the Commonwealth due to prosecutor's involvement in another trial. Unavailability of courtroom. Defense ready to proceed to trial. Court order states that defense "has no MD witness." Trial judge advised prosecution to contact administrative judge to reschedule case. Prosecution never made such contact.

*04–25–94*—Parties agree to obtain a date certain for trial. Case relisted and parties jointly reschedule case for July 13, 1994.

*06–30–94*—Defense counsel Winters withdraws his appearance for defendant; Attorney Lentz enters his appearance.

*07–01–94*—Defendant files first Rule 1100 motions to dismiss case. Rule 1100 hearing scheduled for July 17, 1994.

*07–13–94*—Rule 1100 hearing rescheduled and relisted for July 19, 1994.

*07–19–94*—Rule 1100 hearing. Only portion of hearing completed. Continuance of hearing requested by judge and defense. Remainder of hearing relisted for next criminal miscellaneous listing in August.

*08–10–94*—Rescheduled remainder of first Rule 1100 hearing. Defense requests time for leave of court to file supplemental memorandum for second reviewing court. Court

grants counsel until September 20, 1994 to submit memoranda. Parties agree that this time is excludable.

*08–18–94*—Court orders Commonwealth to release any and all of victim's medical records to the defense.

*09–15–94*—Case continued, at defense's request, and relisted by trial judge.

*09–26–94*—First Rule 1100 motion to dismiss DENIED by trial court.

*11–22–94*—Defense files second Rule 1100 motion to dismiss.

*11–28–94*—Case continued because there were no available courtrooms.

*01–06–95*—Second Rule 1100 hearing.

*02–16–95*—Second Rule 1100 motion to dismiss DENIED by trial court.

*03–14–95*—Case continued, at defense's request, to April 3, 1995.

*03–16–95*—Victim's medical records provided to the defense.

*04–03–95*—Case continued, at Commonwealth's request, to April 17, 1995. Court orders no more Commonwealth continuances will be granted.

*04–17–95*—Case continued, because Commonwealth expert not available to testify, to next available trial court date—May 30, 1995. Court orders no more continuances will be granted in case. Pretrial motion testimony heard.

*05–03–95*—Trial commences.

Throughout his Rule 1100 motion hearings, Stilley consistently argued that the case was proceeding slowly to trial because the defense waited for six months for the Commonwealth to produce the victim's medical records. Without the hospital records evaluating and diagnosing the victim's condition, Stilley asserts that he was unable to have an expert complete an evaluation and report vital to the defense for trial.

■ It is undisputed that the Commonwealth failed to produce the requested hospital records of the victim until March 16, 1995—just under seven months after the date of the

court order requiring it to do so, and almost seventeen months after defense counsel first requested such records. In *Commonwealth v. Edwards*, 528 Pa. 103, 595 A.2d 52 (1991), the trial court granted defendant's request for a continuance after the Commonwealth twice failed to produce requested documents to the defense. Our supreme court found that because the documents were essential for the defense, and because the Commonwealth did not contest the defendant's discovery request, the continuance should not count against the defense—in essence the time was not excludable under Rule 1100. *Id.* We similarly find that the victim's medical records were of the utmost importance to appellant's defense at trial. The reports formed the very basis of any proof that the victim had been accosted by the defendant. In light of this fact, and because the Commonwealth did not contest Stilley's discovery request, this continuance did not toll the allotted time period under Rule 1100; it is not excludable. *Edwards, supra.*

■■■ The next significant pre-trial event took place on April 6, 1994. The Rule 1100 hearing testimony reveals that the prosecutor was unable to proceed to trial due to his involvement in another trial that day. It is questionable, however, as to whether the continuance granted by the court on this day can be classified as a joint request. The court order granting the continuance states that the continuance was a joint request because "the defense has no MD witness." At the first Rule 1100 hearing, however, defense counsel testified that he would have been able to proceed to trial that day if the Commonwealth had so proceeded. We are reminded of the fact that as a reviewing court, we must view the facts in the light most favorable to the Commonwealth. *Edwards, supra.* Keeping this precept in mind, as well as the failure of defense counsel to object in any way to the Commonwealth's request to continue the case, we find the time between April 6th until the November 22, 1994 excludable as a joint request (a total of 229 days).[6] *See Edwards, supra; see also Com-*

6. The following dates between April 6, 1994 and November 22, 1994 are clearly excludable: April 25, 1994/July 19, 1994/August 10, 1994/September 15, 1994 = defense requested continuances; July 1,

*monwealth v. Pate,* 421 Pa.Super. 122, 617 A.2d 754 (1992)
(defense counsel's failure to object to Commonwealth's motion
for extension of time was considered excludable when comput-
ing time under Rule 1100).

We also find excludable that period of time be-
tween November 28, 1994 and February 16, 1995, which
consisted of time to render a decision on appellant's second
pre-trial motion to dismiss. *See Commonwealth v. Smith,* 402
Pa.Super. 257, 586 A.2d 957 (1991) (delay caused by defen-
dant's numerous pretrial motions is to be considered delay
caused by the unavailability of the defendant, and, thus,
excludable time under Rule 1100); Pa.R.Crim.P. 1100(c)(3)(i).
Finally, the time from March 14, 1995 to April 3, 1995 is also
excludable (a total of 20 days); the record clearly evidences
that the defense requested the continuances during this peri-
od. Pa.R.Crim.P. 1100(c)(3)(ii).

In sum, when we calculate the excludable periods of:
April 6, 1994—November 22, 1994; November 28, 1994—
February 16, 1995; and March 14, 1995—April 3, 1995, we
have a total of 328 excludable days. The first day of Stilley's
trial, May 30, 1995, took place 323 days after the 365 day limit
mandated by Rule 1100. Taking into account the 328 days of
excludable time, the trial actually commenced *five days before*
the maximum time permitted under Rule 1100. We, there-
fore, find that the trial court properly dismissed Stilley's
petitions to dismiss; the time constraint within which to
commence trial was not violated. Pa.R.Crim.P. 1100(c)(3);
*DeBlase, supra; Edwards, supra.*

Stilley next claims that the trial court improperly allowed
the prosecution to cross-examine a character witness regard-
ing "a violent incident" in which he had been involved. Stilley

1994/July 13, 1994/July 19, 1994 = time within which to decide pre-
trial motion to dismiss filed by defendant. *See Commonwealth v. Smith,*
402 Pa.Super. 257, 586 A.2d 957 (1991) (delay caused by defendant's
numerous pretrial motions is to be considered delay caused by the
unavailability of the defendant, and, thus, excludable time under Rule
1100).

argues that this reference was improper so as to warrant a mistrial.

 The decision to declare a mistrial is within the sound discretion of the court and will not be reversed absent a "flagrant abuse of discretion." *Commonwealth v. Cottam,* 420 Pa.Super. 311, 329, 616 A.2d 988, 997 (1992); *Commonwealth v. Gonzales,* 415 Pa.Super. 564, 570, 609 A.2d 1368, 1370–71 (1992). A mistrial is an "extreme remedy ... [that] ... must be granted only when an incident is of such a nature that its unavoidable effect is to deprive defendant of a fair trial." *Commonwealth v. Vazquez,* 421 Pa.Super. 184, 186, 617 A.2d 786, 787–88 (1992) (citing *Commonwealth v. Chestnut,* 511 Pa. 169, 512 A.2d 603 (1986) and *Commonwealth v. Brinkley,* 505 Pa. 442, 480 A.2d 980 (1984)). A trial court may remove taint caused by improper testimony through curative instructions. *Commonwealth v. Savage,* 529 Pa. 108, 114–16, 602 A.2d 309, 312–13 (1992); *Commonwealth v. Richardson,* 496 Pa. 521, 437 A.2d 1162 (1981). Courts must consider all surrounding circumstances before finding that curative instructions were insufficient and the extreme remedy of a mistrial is required. *Richardson,* 496 Pa. at 526–27, 437 A.2d at 1165. The circumstances which the court must consider include whether the improper remark was intentionally elicited by the Commonwealth, whether the answer was responsive to the question posed, whether the Commonwealth exploited the reference, and whether the curative instruction was appropriate. *Id.*

In the instant case the Commonwealth and a witness had engaged in the following discourse:

ADA MALONEY: Have you ever heard persons in the neighborhood or the community that you're familiar with Mr. Stilley in discuss [sic] a particularly violent incident or a particular incident where he was very angry on or about May 7, 1993?

MR. STRETTON: Objection.

MR. ULLMAN: No, sir.

ADA MALONEY: So none of the people in the community that you're familiar with that know Mr. Stilley are aware of

any incident that occurred on May 7, 1993, in which Mr. Stilley was particularly upset?

MR. STRETTON: Objection. Move for a mistrial and would like a side bar with the court reporter on this one.

After the above discussion took place in open court, the trial judge and the attorneys held a conversation in chambers wherein the court made the following finding on the record:

THE COURT: Well, I'm going to deny the motion for a mistrial, and I'm going to order the Commonwealth to stay away from it because I did make a ruling that I didn't want that in because I thought that would just obfuscate the whole thing about you know, being at the rehab center.... So I'm going to ask you no further questions on that, and I'm going to deny the motion for a mistrial at this point.

Examining the surrounding circumstances of this case, we recognize that the Commonwealth clearly and intentionally elicited the remark by the witness. The prosecutor repeated the question, even after the defense attorney objected to its admission. The Commonwealth, however, argues that it persued this line of questioning based on its belief that it was standard cross-examination of a character witness regarding a defendant's reputation, once the defendant has put his character at issue.

In Pennsylvania, it is well settled that evidence of the defendant's bad character is not admissible in a criminal case unless: (1) the accused first elects to introduce evidence of his or her good character; (2) an accused who testifies may be impeached by evidence of bad character for truthfulness; (3) or evidence of other bad acts by the accused may be admitted to establish something other than the accused's character such as motive, intent or knowledge, absence of mistake or accident, common scheme or plan, or identity. *See Commonwealth v. Morris* 493 Pa. 164, 425 A.2d 715 (1981); Packel and Poulin, *Pennsylvania Evidence* § 404.2 (1987). It is also a well established rule that the character of an accused means his or her general reputation in the community which

562

may not be proven by specific acts of misconduct. *Commonwealth v. Jones*, 280 Pa. 368, 370, 124 A. 486 (1924).

■ Presently, the Commonwealth offered the witness's testimony to prove the defendant's violent character and reputation. While the defendant's community reputation may have been relevant to the crimes of violence for which he was charged, the court should have excluded the evidence relating to the May 7, 1993 incident on an isolated date at a certain place. *Jones, supra.* Although the court failed to give the jury any curative instruction either during the trial or in its final instructions after trial, we cannot conclude that the two brief references to the May 7th incident were of such a nature that its unavoidable effect was to deprive Stilley of a fair trial. The court prevented the Commonwealth from continuing its line of questioning. In its opening instruction to the court, the trial judge clearly and fully explained that the jury was not entitled nor permitted to consider any evidence to which the judge sustained an objection. *Vazquez, supra; Commonwealth v. Cottam*, 420 Pa.Super. 311, 616 A.2d 988 (1992) (reversible error occurs where the cumulative effect of any improper remarks by prosecutor so prejudices the jury as to prevent a fair trial). Finally, the witness testified that he was not aware of any violent incident involving the defendant. Accordingly, the extreme remedy of a mistrial was not warranted in this case; no reversible error occurred. *Richardson, supra; see also Commonwealth v. Story*, 476 Pa. 391, 383 A.2d 155 (1978) (setting forth harmless error test); *Commonwealth v. Williams*, 470 Pa. 172, 368 A.2d 249 (1977) (taint of improper testimony does not warrant mistrial where effect may be expunged otherwise).

Stilley asserts that the trial court improperly excluded him from being present in the courtroom during the trial judge's communication with the jury during the deliberation period.

The trial court stated:

I note for the record **the defendant, the defense counsel and the district attorney are not present this morning** by virtue of the fact that the Court is in the middle of juvenile

proceedings. If we have a verdict later today, counsel will be made aware of it.

My only reason to have the jury assemble here today at this point is to inquire of the foreperson what the state of deliberations are at this point. *I don't want to know what you've resolved and what you've not resolved, I just want to know if your deliberations are meaningful at this point and if you feel that a continuation of these deliberations would be fruitful.*

 The Sixth Amendment right to a public trial in a criminal case is binding on the states through the due process clause of the Fourteenth Amendment. *Commonwealth v. Johnson,* 309 Pa.Super. 367, 455 A.2d 654 (1982). In Pennsylvania, our constitution guarantees an accused's right to a public trial. *See* Pa. Const., Art. 1, secs. 9, 11. This right includes the right for the public to be present while the jury is selected. The right to a public trial, however, is not absolute; a portion of the public may be excluded to prevent overcrowding, to maintain proper decorum, or where special circumstances warrant. *Id.; see Commonwealth v. Burton,* 459 Pa. 550, 330 A.2d 833 (1974); *see also Commonwealth v. Bamber,* 463 Pa. 216, 344 A.2d 799 (1975) (after judge received communication from jury that they were deadlocked, his message delivered to jury without giving notice to defense counsel of such interaction, was not prejudicially erroneous).

 Here, we do not find that the defendant was deprived of his right to a public trial. He and the public were present for the entire nine-day jury trial. Most important, however, is the fact that Stilley does not claim that he was prejudiced in any way from the judge's *ex parte* discussion with the jury. *See Commonwealth v. Bradley,* 501 Pa. 25, 459 A.2d 733 (1983) (where defendant showed no reasonable likelihood of prejudice arising from trial court's *ex parte* communication with jury, communication did not require reversal of conviction). In fact, the Commonwealth was excluded from the same discussions. Additionally, the court stated, on the record, a special reason for excluding the parties—the court was in the middle of

juvenile proceedings. *Burton, supra.* We cannot find that the trial court committed any prejudicial error. *Bamber, supra.*

Stilley next claims that the trial court committed error by allowing counsel to have numerous side bar discussions, without requiring such conversations to be placed on the record. Both parties rely upon our court's decision in *Commonwealth v. Montalvo,* 434 Pa.Super. 14, 641 A.2d 1176 (1994), to support their respective appellate arguments.

■■■■ Pennsylvania Rule of Criminal Procedure 9030(a) states:

> **(a)** In court cases, after a defendant has been held for court, proceedings in open court shall be recorded.

Pa.R.Crim.P. 9030(a). In *Montalvo, supra,* our court found that nothing in Rule 9030(a) precluded the court from conducting off-the-record sidebar discussions with counsel. Instantly, this is not a case where the defendant was denied the right to have his full nine-day trial transcribed by a court reporter. *See Commonwealth v. Anderson,* 441 Pa. 483, 272 A.2d 877 (1971) (new trial ordered because no record of any sort had been made at the defendant's trial). In fact, on appeal we have been presented with a multitude of volumes of transcribed testimony from Stilley's trial. Because the defense attorney was involved in the sidebar discussions and because such discussions are not entitled to be transcribed under Rule 9030, we find that the defendant was not prejudiced and that his claim is meritless. *Montalvo, supra.*

Appellant finally alleges many instances of trial counsel ineffectiveness.[7] The first two of these claims involve whether counsel was ineffective in failing to conduct voir dire of two Commonwealth expert witnesses at trial.

---

7. We recognize that one of the ineffectiveness claims, namely trial counsel's failure to conduct sidebar discussions on the record, need not be addressed. We have already found that the issue underlying this claim is not of arguable merit, *Montalvo, supra,* and, therefore, our inquiry must end. *Johnson, supra.*

 Our standard of review when evaluating a claim of ineffective assistance of counsel is well settled. We presume that trial counsel is effective and place on the defendant the burden of proving otherwise. *Commonwealth v. Williams,* 524 Pa. 218, 230, 570 A.2d 75, 81 (1990). We are first required to determine whether the issue underlying the claim is of arguable merit. *Commonwealth v. Johnson,* 527 Pa. 118, 122, 588 A.2d 1303, 1305 (1991). If the claim is without merit, our inquiry ends because counsel will not be deemed ineffective for failing to pursue an issue which is without basis. *Id.* Even if the underlying claim has merit, the appellant still must establish that the course of action chosen by his counsel had no reasonable basis designed to effectuate the client's interests and, finally, that the ineffectiveness prejudiced his right to a fair trial. *Id.; Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987). The same showing of prejudice must be made by an appellant whether on direct appeal from a judgment of sentence or on appeal from denial of PCRA relief. *Commonwealth v. Kimball,* 453 Pa.Super. 193, 683 A.2d 666 (1996) (*en banc*).

 Stilley claims that trial counsel failed to challenge the qualifications of two expert physicians utilized by the prosecution. It is well known that our courts employ a liberal standard with regard to allowing a person to testify as a witness at trial. *See Commonwealth v. Owens,* 321 Pa.Super. 122, 467 A.2d 1159 (1983) (a witness who has any reasonable basis of special knowledge on a subject may testify). Both of these witnesses were crucial in the medical treatment administered to the victim on the evening of the alleged crimes. In addition, the defendant, himself, admits that his trial counsel cross-examined these witnesses to determine whether they had any expertise with the drug, GHB, allegedly ingested by the victim. The witnesses answered in the negative. Counsel continued to conduct a line of questioning to elicit that the experts had neither heard of GHB before the victim was admitted to the hospital, nor treated anyone with a GHB overdose before the victim. Our court, however, has held that a physician may testify as an expert at trial in a field that is

outside his or her own speciality. *Owens,* 321 Pa.Super. at 127, 467 A.2d at 1162. We cannot find that the failure to conduct voir dire on these expert physicians was ineffective. These witnesses were as experts, *Owens, supra,* and trial counsel conducted thorough and effective cross-examination of both witnesses, eliciting testimony helpful to the defense. Accordingly, Stilley was not prejudiced by counsel's actions. *Pierce, supra.*

Stilley next asserts that counsel was ineffective for failing to call former trial counsel, Gavin P. Lentz, Esquire, to testify at trial in order to rebut certain testimony presented by a Commonwealth witness, Clyde Liddick. Specifically, Liddick, who collected the physical evidence against the defendant, admitted that he had made an error in his initial recitation of the method in which he collected the evidence.[8] This admission of error was alleged in a letter addressed from Lentz to Liddick, and later confirmed by a telephone conversation between the two parties.

In *Commonwealth v. Davis,* 381 Pa.Super. 483, 554 A.2d 104 (1989), this court reiterated the standard for determining the ineffectiveness of counsel for failure to call or investigate a witness. In order to prevail, the appellant must demonstrate: (1) the witness existed; (2) the witness was available; (3) counsel was informed of the existence of the witness or counsel should have otherwise known of him; (4) the witness was prepared to cooperate and testify for appellant at trial; and (5) the absence of the testimony prejudiced appellant so as to deny him a fair trial. *Id.* at 495, 554 A.2d at 111 (citation omitted). Attorney Stretton clearly was aware of the identity and existence of the alleged witness, prior counsel Lentz, as well as the rebuttal evidence that Attorney Lentz would have provided with regard to Liddick's testimony. Attorney Lentz has included an affidavit in the record attesting to the fact that he would have cooperated and been prepared to testify at trial if requested to do so. We, therefore, must

8. Liddick was employed as a forensic scientist in the Pennsylvania State Crimes Lab. He conducted tests on the victim's clothing and a standard of oil involved in the present case.

focus on prong five of the *Davis* test and determine whether the absence of Lentz' testimony was so prejudicial as to deny Stilley a fair trial.

 Stilley claims that if Lentz had been called to rebut Liddick's testimony, Lentz would have cast serious doubt upon the collection, testing, and storing of the physical evidence involved in the case. Such evidence, he claims, formed the underlying theory of the prosecution's case. While these assertions may be true, there was sufficient doubt cast upon Liddick's credibility through trial counsel's effective cross-examination of Liddick, as well as a letter admitted as evidence that stated Lentz' own discovery of the inconsistencies. Accordingly, we find that although Lentz' testimony may have been helpful to Stilley's case, in light of the fact that the same information was elicited through cross-examination and other testimonial evidence, we cannot say that the defendant was prejudiced by counsel's actions. *See Pierce, supra; see also Commonwealth v. Davis*, 381 Pa.Super. 483, 554 A.2d 104 (1989) (the decision of whether to call a witness is a matter involving the overall strategy of trial counsel).

In his final argument, Stilley claims that trial counsel was ineffective for failing to accept the trial judge's offer of a mistrial. Such error, he claims, is *per se* ineffectiveness.

 The record reveals that the trial court never made an offer to the defense for a mistrial. Rather, the court referenced in passing that because the Commonwealth had become privy to after-discovered evidence, without the defense's knowledge of such evidence, the court should either grant a continuance or a mistrial. Defense counsel stated that instead of resorting to either of these two options, he would rather have all of this late evidence be excluded from use at trial. In light of this request, we cannot find that counsel was ineffective. Counsel was prepared to defend the case fully and competently at the time of this newly discovered evidence. Rather than delaying this already grossly protracted trial, counsel noted his eagerness to begin his representation of Stilley. In addition, the court not only gave a curative instruc-

tion regarding the late discovery of this evidence, but the court also instructed the jury three days into trial that the evidence was turned over late. *Richardson, supra.* This claim is meritless. *Johnson, supra.*

Judgment of sentence affirmed.