J-S13001-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| F.M., | IN THE SUPERIOR COURT OF |
| :--- | :---: |
| Appellant | PENNSYLVANIA |
| v. | |
| G.M., | |
| Appellee | No. 1603 EDA 2016 |

Appeal from the Order April 27, 2016
In the Court of Common Pleas of Philadelphia County
Family Court at No(s): 1601V7294

BEFORE:  BENDER, P.J.E., LAZARUS, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED MARCH 16, 2017**

F.M. (Appellant) appeals *pro se* from the April 27, 2016 order that denied his protection from abuse petition and vacated the temporary protection from abuse order that had previously been entered.  We affirm.

An extensive recitation of the underlying facts and procedural history of this case is not necessary to our disposition here.  Essentially, Appellant claimed rights to the family home as executor of his mother's estate and sought the eviction of his 75-year-old father, G.M. (Appellee), in order to acquire exclusive possession of the property.  To accomplish this goal, Appellant filed a protection from abuse (PFA) petition against his father on January 20, 2016.  An *ex parte* hearing resulted in the issuance of a

_____

[*] Former Justice specially assigned to the Superior Court.

temporary PFA order, directing "Appellee not to abuse, threaten, stalk or harass Appellant; order[ing] Appellee to have no contact with the Appellant; and evict[ing] and exclud[ing] [Appellee] from" the property "that Appellant alleged was his residence." Trial Court Opinion (TCO), 10/21/16, at 1.

Although a number of continuances occurred at Appellant's request, a limited hearing resulted in the deletion of the eviction and no-contact provisions of the original temporary order. Then, after receiving testimony at a hearing at which both parties were represented by counsel, the court issued its ruling denying Appellant's PFA petition and vacating the temporary order. Appellant filed a timely appeal on May 26, 2016. Subsequently, on June 9, 2016, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The order stated in its entirety that:

> Appellant, [F.M.], shall file of record, and serve on the trial judge a concise statement or errors complained of on appeal within twenty[-]one (21) days hereof, pursuant to Pa.R.A.P. 1925(b).
>
> The statement shall be filed with the clerk of family court, 1501 Arch Street, 11th Floor, Philadelphia, PA 19102. In addition, the statement shall be timely served upon the chambers of Judge Christopher Mallios, 1501 Arch Street, Suite 1422, Philadelphia PA 19102.
>
> Filing of record and service of the statement on the judge shall be in person or by mail as provided in Pa.R.A.P. 121(a).
>
> Any issue not properly included in the statement timely filed and served shall be deemed waived.

Rule 1925(b) Order, 6/9/16.

Appellant did not file a Rule 1925(b) statement, which prompted the trial court to suggest in its Rule 1925(a) opinion that Appellant's appeal should be dismissed. Specifically, the court stated:

Appellant failed to comply with this Court's June 9, 2016, Order directing him to file a Concise Statement of Errors Complained of on Appeal in accordance with … Rule 1925(b), therefore this Appeal should be dismissed without further consideration.

"The purpose of Rule 1925 is to narrow the focus of an appeal to those issues which the appellant wishes to raise on appeal." Mahonski v. Engel, 2016 PA Super 172 (Pa. Super. Aug. 8, 2016). The Rule, "facilitate[s] appellate review by requiring the trial court to supplement the record with an opinion addressing the merits of the issues raised in the appeal." Com. v. Stilley, 689 A.2d 242, 247 (Pa. Super. 1997). "Failure to file a timely 1925(b) statement renders no issue preserved for appellate review." Com. v. Overby, 744 A.2d 797, 797 (Pa. Super. 2000).

This Court timely directed Appellant to file a statement in accordance with Rule 1925(b) and he did not comply with that Order. With no specific allegations of error to address, this Court is not able to address any specific issues or explain its reasoning for the ruling beyond those which appear in the record. The instant appeal should be dismissed due to Appellant's failure to comply with the Rules of Appellate Procedure.

TCO at 5-6.

We agree with the trial court, and reiterate that based upon Appellant's failure to file a Rule 1925(b) statement, no issue has been preserved for appellate review, *i.e.*, Appellant has waived all issues. **See** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provision of this paragraph (b)(4) are waived.").

- 3 -

As explained above, the trial court issued an order that required Appellant to submit a Rule 1925(b) statement and Appellant failed to respond. When a trial court orders an appellant to file a Rule 1925(b) statement, the appellant must comply in a timely manner. **_Commonwealth v. Castillo_**, 888 A.2d 775, 780 (Pa. 2005). A failure to comply will result in waiver of all issues. **_Id._**; **_see also Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc._**, 88 A.3d 222, 225 (Pa. Super. 2014). Here, Appellant failed to submit a Rule 1925(b) statement; thus, we conclude that any issues he wished to raise on appeal have been waived.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn, Esq._

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/16/2017