J-S67018-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| JEROME DERRELL CAREY | : | No. 1544 EDA 2016 |

Appeal from the Order April 19, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0006599-2014

BEFORE:   GANTMAN, P.J., MUSMANNO, J., and STEVENS*, P.J.E.

MEMORANDUM BY MUSMANNO, J.:                **FILED JANUARY 11, 2018**

The Commonwealth of Pennsylvania appeals from the Order granting the Motion to Dismiss criminal charges filed by Jerome Derrell Carey ("Carey"), pursuant to Pa.R.Crim.P. 600 (hereinafter "Rule 600 Motion"). We affirm.

The trial court set forth the relevant history underlying this appeal as follows:

> On May 1, 2014, … Carey[] was arrested and charged with Possession with the Intent to Deliver, Criminal Conspiracy, Possession of Firearm Prohibited, Intent to Possess Controlled Substance by Person Not Regulated[,] Use/Possession of Drug Paraphernalia, and Possession of an Instrument of a Crime.  It is alleged that a confidential informant made multiple purchases of crack cocaine from [Carey,] at or near 1745 North 26th Street and 2522 West Montgomery Avenue[,] on or about April 30, 2014.  [Carey] was then arrested inside 2522 West Montgomery Avenue, which is a rooming house.
>
> The original preliminary hearing was scheduled for May 20, 2014.  The preliminary hearing was rescheduled for June 5, 2014[,] where multiple charges were held for court.  The Pre-

_____
* Former Justice specially assigned to the Superior Court.

Trial Conference was scheduled for July 17, 2014[,] and a Scheduling Conference was scheduled for August 5, 2014. The case was listed for Pretrial Motions on September 23, 2014. Counsel for [Carey] timely filed an Omnibus Pre[t]rial Motion on August [14,] 2014. A jury trial was [scheduled] for February 17, 2015[, by the Honorable Giovanni Campbell ("Judge Campbell") on September 23, 2014]. A motions date of January 13, 2015 was also scheduled.[1]

On February 17, 2015, the matter was listed for trial before the Honorable Roxanne E. Covington [("Judge Covington")]. [However, trial did not commence on February 17, 2015. Rather, t]he Commonwealth passed the outstanding discovery[, a seizure analysis,] at the bar of the court.[2] The trial was continued[3] to June 10, 2015[,] but the [c]ourt was on trial in another matter. Similarly, the [c]ourt was on trial for yet another matter at the next listing, [October] 14, 2015. The matter was continued to February 10, 2016. On December 4, 2015, [Carey filed the Rule 600] Motion …. At the February 10, 2016 trial date, the Commonwealth again passed necessary discovery at the bar of the court. Motions were continued to April 19, 2016[,] at which time the [trial court conducted a

---

[1] The trial court's docket entry for January 13, 2015, states, in relevant part, as follows: "Order Granting Motion for Continuance … Commonwealth request – Commonwealth not ready for motions hearing (outstanding discovery) …."

[2] The entry on the trial court's docket for February 17, 2015, states that the case was "[l]isted for jury trial. Seizure analysis passed today. Discovery is complete. Bring down the defendant. NCD: 6/10/2015 room 908." Further, though it is undisputed that the seizure analysis was given to the defense on February 17, 2015, the record does not reveal when it was passed "at the bar of the court" that day. *See* Brief for the Commonwealth at 6 (stating that "[a]t the Rule 600 hearing, all agreed that the outstanding discovery, the seizure analysis, was passed to the defense in court on February 17, 2015."); *see also id.* (asserting that the Commonwealth had passed the seizure analysis only five days after it had first become available).

[3] The docket entry for February 17, 2015 additionally states that the trial court entered an "Order Granting Motion for Continuance" that day. However, the docket does not identify the moving party.

hearing on the] Rule 600 [M]otion [(hereinafter the "Rule 600 hearing").]

Trial Court Opinion, 2/10/17, at 1-2 (footnotes added).

At the close of the Rule 600 hearing, the trial court entered an Order granting the Rule 600 Motion and dismissing all charges against Carey. Two days later, the Commonwealth filed a Motion for Reconsideration. Therein, it asserted that the trial court had erred in stating at the Rule 600 hearing that, concerning February 17, 2015 (a Tuesday), *i.e.*, the originally-scheduled jury trial date, "we don't have jury trials on Tuesday." N.T., 4/19/16, at 26 (hereinafter referred to as the "Tuesday trial comment"). The Commonwealth attached to the Motion for Reconsideration court records proving that the trial court was, in fact, presiding over a trial in a separate criminal case on February 17, 2015. By an Order entered on May 25, 2016, the trial court denied the Motion for Reconsideration without a hearing. The Commonwealth then filed a timely Notice of Appeal, followed by a Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.[4]

The Commonwealth now presents the following issue for our review:

> Whether the lower court erred in discharging [Carey] under Pa.R.Crim.P. 600 by attributing to the Commonwealth a continuance on February 17, 2015, where the resulting 113 days of delay were not caused by the Commonwealth; the judge was conducting a jury trial in another case (*Commonwealth v. Kasim Harrington*, CP-51-CR-0014644-2013) that made it impossible

---

[4] The trial court did not order the filing of a Rule 1925(b) concise statement.

> for trial in this case to commence on that date[;] and Rule 600 was not violated[?]

Brief for the Commonwealth at 3.[5]

Our standard and scope of review concerning challenges to a ruling on a Rule 600 motion is as follows:

> We review a trial court's [grant or] denial of a Rule 600 motion for an abuse of discretion. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will[,] discretion is abused. Our scope of review is limited to the record evidence from the speedy trial hearing and the findings of the lower court, reviewed in the light most favorable to the prevailing party.
>
> Rule 600 establishes a careful matrix protecting a defendant's rights to be free from prolonged pretrial incarceration and to a speedy trial, while maintaining the Commonwealth's ability to seek confinement of dangerous individuals and those posing a risk of flight, and to bring its cases in an orderly fashion. []

***Commonwealth v. Burno***, 154 A.3d 764, 793 (Pa. 2017) (some citations, quotation marks and ellipses omitted).

> Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule 600. Rule 600 serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule 600 was not designed to insulate the criminally accused from

---

[5] We note that Carey did not file an appellate brief.

good faith prosecution delayed through no fault of the Commonwealth.

***Commonwealth v. Horne***, 89 A.3d 277, 283 (Pa. Super. 2014) (brackets omitted).

Rule 600, as amended July 1, 2013, provides, in relevant part, that "[t]rial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). The Rule further provides that for purposes of computing when trial must commence, "periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included …. Any other periods of delay shall be excluded from the computation." Pa.R.Crim.P. 600(C)(1); ***see also Commonwealth v. Roles***, 116 A.3d 122, 125 (Pa. Super. 2015) (stating that "[t]he Commonwealth has the burden of establishing by a preponderance of the evidence that it exercised due diligence throughout the prosecution."). However, "periods of judicial delay are excludible from calculations under the [R]ule …." ***Commonwealth v. Mills***, 162 A.3d 323, 325 (Pa. 2017). Failure to meet the Rule's prompt-trial requirement constitutes grounds for dismissal of the charges with prejudice. Pa.R.Crim.P. 600(D)(1).

The Commonwealth argues that the trial court improperly dismissed the charges against Carey under Rule 600, where the court erroneously counted against the Commonwealth delay that was actually attributable to

the court. ***See*** Brief for the Commonwealth at 10-19. Specifically, the

Commonwealth asserts as follows:

> The [trial] court attributed a 113-day delay[, *i.e.*, from February
> 17, 2015, to June 10, 2015,] to the Commonwealth because [the
> court] believed it could not have been on trial [on] February 17,
> 2015.[6] However, the [trial] court was on trial [in a different
> criminal case] on that date, and the docket clearly set February
> 17, 2015 as a trial date for the instant matter. Therefore, the
> continuance [entered on] February 17, 2015 was not caused by
> the Commonwealth and was erroneously included in the
> computation of the run date.

***Id.*** at 10 (footnote added);[7] ***see also id.*** at 5 (stating that "[w]hat

happened on [February 17, 2015] is the sole issue on appeal."). The

Commonwealth asserts that "[p]roperly excluding the 113-day delay from

February 17[, 2015] would result in there having been only 336 includable

days at the next trial date of June 29, 2016, and thereby enough time to try

[Carey] under Rule 600." ***Id.*** at 8. According to the Commonwealth, on

February 17, 2015,

> [it] was prepared to go to trial, but a continuance was caused by
> the trial court being in the middle of trial in another case. A
> continuance due to the trial court being on trial is excluded from

---

[6] The Commonwealth refers to the Tuesday trial comment made at the Rule
600 hearing. ***See*** Brief for the Commonwealth at 7.

[7] The Commonwealth additionally points out that the trial court's docket
entry for February 17, 2015 does not reflect which party requested the
continuance, in violation of Pa.R.Crim.P. 600(C)(3)(a)(ii) (providing that
"when a judge … grants or denies a continuance[,]" the judge "shall record
the identity of the party requesting the continuance and the reasons for
granting or denying the continuance."). ***See*** Brief for the Commonwealth at
12.

the computation of the run period. Pa.R.Crim.P. 600(C)(1). ***Commonwealth v. Frye***, 909 A.2d 853, 859 (Pa. Super. 2006) (holding that delay caused by the trial "court … presiding over another criminal case" so it "could not begin Appellant's trial on that date" is excusable[)]; ***Commonwealth v. Brown***, 875 A.2d 1128, 1138 ([Pa. Super.] 2005) (where "the trial court had yet another trial in progress, and rescheduled Appellee's trial" it was a circumstance over which "the Commonwealth had no control" and so the delay "is excusable").

Brief for the Commonwealth at 15. Finally, the Commonwealth asserts that "[e]ven if the Commonwealth had requested the February 17 continuance - it did not - the delay still should be excluded. 'Joint' continuances result in excludable time. ***Commonwealth v. Stilley***, 689 A.2d 242, 249-250 (Pa. Super. 1997)." Brief for the Commonwealth at 17.

Here, the trial court discussed the timeline of events for Rule 600 purposes as follows:

[O]n May 2, 2014, the Commonwealth filed a [C]omplaint against [Carey;] thus the natural run date was May 2, 2015. The mechanical run date[,] which includes excludable Commonwealth time[,] was January 21, 2016. The original preliminary hearing was scheduled for May 20, 2014. The Commonwealth [was] ready in the room but refused to sever [Carey's] and other codefendants' cases. The [trial c]ourt determined that the nineteen (19) days between the [C]omplaint and preliminary hearing were excusable.[8] The preliminary hearing was rescheduled for June 5, 2014[,] where multiple charges against [Carey] were held for court. This period of sixteen (16) days was ruled excusable due to a defense conflict[,] despite the Commonwealth also needing additional time. The next listing, a Pre-Trial Conference, was scheduled for

---

[8] The new Rule 600 consolidates the distinction under former Rule 600 between excludable and excusable time in the calculation of an adjusted run date. ***See*** Pa.R.Crim.P. 600(C)(1).

July 17, 2014. The matter was scheduled for a Scheduling Conference on August 5, 2014. The sixty one (61) days were ruled excusable due to the [trial c]ourt's schedule. On August 5, 2014, … [Judge] Campbell ordered a *Hall* Discovery Motion to be filed regarding the outstanding discovery. Discovery determined to be outstanding included the Ballistician report, Gun Trace, FBI extracts for witnesses, 7548, arrest memo, 75-895, Buy Money and DC reports with Confidential Informants' information. The case was listed for Pretrial Motions on September 23, 2014. Counsel for [Carey] timely filed an Omnibus Pre-Trial Motion on August 14, 2014. Judge Campbell held the September 23, 2014 Pre-Trial Conference as scheduled. The Commonwealth was ordered to pass FBI extracts for persons named on discovery documents but all other discovery was marked as complete and the *Hall* Discovery Motion was withdrawn. A jury trial date of February 17, 2015[,] was scheduled[,] well before the mechanical run date expired. A motions date of January 13, 2015[,] was also scheduled. At the January 13, 2015 listing, the Commonwealth disclosed [that it was] not ready for motions due to outstanding discovery. Judge Campbell ordered motions and trial to occur at the original trial date of February 17, 2015. The Commonwealth concedes that the time from August 5, 2014[,] through February 17, 2015[,] (196 days) is ruled excludable.

On February 17, 2015, the matter was listed for trial before … [Judge] Covington. *The Commonwealth passed the outstanding discovery* from January 13, 2015[,] *at the bar of the court*. *Judge Covington determined that* **trial could not occur as Defense Counsel had no time to review the newly obtained discovery***. [On February 17, 2015, t]he trial was continued to June 10, 2015[,] and *the time was attributed to the Commonwealth for lack of due diligence.* The [trial c]ourt was unable to hear this matter on June 10, 2015[,] as it was on trial in another case. Both parties were ready[,] so this delay was attributed to the [c]ourt. Similarly, the [c]ourt was on trial for another matter at the next scheduled listing, October 14, 2015. The case was continued to February 10, 2016, beyond the mechanical run date of January 21, 2016[,] and the time was attributed to the [c]ourt.

On December 4, 2015, a [Rule 600] Motion … was filed by [Carey] …. At the February 10, 2016 trial date, the Commonwealth **again** passed mandatory discovery[, certain prison recordings and a witness police statement,] at the bar of

the court. Judge Covington once more determined that trial could not occur[,] as Defense Counsel had no time to review the newly obtained discovery. Motions were set for March 14, 2016. On March 14, 2016, the Commonwealth requested a continuance[,] as [the] Commonwealth attorney was not available. Motions were postponed to April 19, 2016[,] at which time the Rule 600 [M]otion was heard by [the trial c]ourt [at the Rule 600 hearing]. … For the reasons detailed above, [the trial c]ourt entered an [O]rder granting [the Rule 600] [M]otion.

Trial Court Opinion, 2/10/17, at 5-7 (some emphasis and footnote added; other emphasis in original; citations and paragraph break omitted).[9]

Initially, we cannot agree with the Commonwealth that the trial court's Tuesday trial comment, made at the Rule 600 hearing, evidences reversible error on behalf of the trial court. Despite the trial court's passing comment, the salient facts are the court's findings that (1) at some unidentified time on February 17, 2015, the Commonwealth passed outstanding necessary discovery in court, which the defense fairly needed time to review; and (2) due to the Commonwealth's lack of due diligence in this regard, the trial continuance that the court entered that day would be counted against the Commonwealth. *See id.* at 6; N.T., 4/19/16, at 50-51 (wherein the trial court stated that "discovery was not passed or complete until the day of trial[, *i.e.*, February 17, 2015]. This [c]ourt finds that time to reflect a lack of diligence on the part of the Commonwealth, and that time is charged to

---

[9] We note that the only substantive rationale that the trial court advances in support of its ruling is the following sentence: "This court exercised sound discretion, in view of all procedural facts and circumstances of the case, by granting the [Rule] 600[] [M]otion." Trial Court Opinion, 2/10/17, at 7.

the Commonwealth."); *see also Commonwealth v. Taylor*, 598 A.2d 1000, 1002-03 (Pa. Super. 1991) (holding that that the Commonwealth's failure to provide mandatory discovery, when the Commonwealth does not contest the request, does not toll the speedy trial clock).  We may not disturb the trial court's factual findings in this regard.  Nor can we assume, as the Commonwealth urges, that the sole reason that the trial had to be continued on February 17, 2015, was because the trial court was presiding over a separate trial that day.  The Commonwealth is correct that an administrative error or a scheduling conflict attributable to the trial court would not be counted against the Commonwealth for the purposes of a due diligence analysis.  However, the trial court expressly found that trial was unable to proceed on February 17, 2015, due to the Commonwealth's last-minute provision of necessary discovery to the defense.[10]  *See* Trial Court Opinion, 2/10/17, at 6; N.T., 4/19/16, at 50-51; *see also Mills*, 162 A.3d at 325 (Wecht, J. concurring) (stating that "'[j]udicial delay' is not a mechanism or totem that exempts the Commonwealth from its obligations under [] Rule [600].  It may be invoked *only after* the Commonwealth has demonstrated that it is ready, able, and willing to proceed with the case

---

[10] Moreover, the cases that the Commonwealth relies upon, *see Frye* and *Brown*, *supra*, are unavailing and distinguishable as, in those cases, the sole reason that trial could not commence on a certain scheduled trial date was due to the trial court presiding over trial in another matter.  Here, the Commonwealth turned over last-minute discovery in court on the same day of the scheduled trial.

against the defendant. Otherwise, the due diligence component of Rule 600 would have little, if any, meaningful import." (emphasis added)).

Accordingly, based on the record before us, we discern no abuse of the trial court's discretion in ruling that the Commonwealth failed to meet its burden that it had exercised due diligence in bringing Carey to trial within the time requirement of Rule 600. ***See Burno***, ***supra***; ***see also Commonwealth v. Browne***, 584 A.2d 902, 905 (Pa. 1990) (stating that "prosecutors must do everything reasonable within their power to see that the case is tried on time."); ***Commonwealth v. Johnson***, 852 A.2d 315, 318 (Pa. Super. 2004) (vacating judgment of sentence and discharging Johnson because "there was a dearth of evidence to support the Commonwealth's arguments, and it therefore did not carry its burden to establish due diligence in bringing Johnson to trial within the required time."). Accordingly, we affirm the trial court's Order granting the Rule 600 Motion and dismissing the charges against Carey.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/11/18

- 11 -