652 A.2d 873

**COMMONWEALTH of Pennsylvania,**

v.

**Ronald Joseph HIGHTOWER, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 25, 1994.

Filed Jan. 9, 1995.

Janet R. Hightower, Pittsburgh, for appellant.

Dwight Diehl, Asst. Dist. Atty., Bedford, for Com., appellee.

Before CIRILLO, TAMILIA and HOFFMAN, JJ.

HOFFMAN, Judge:

On November 7, 1992, Trooper Mark Hogan stopped appellant, Ronald Joseph Hightower, for driving above the posted speed limit and issued him a summons pursuant to 75 Pa.C.S. § 3362. On December 17, 1992, appellant was found guilty before a district magistrate and subsequently filed a timely summary appeal. A trial de novo was scheduled for June 1, 1993.

On the day of trial, Trooper Hogan was unavailable to testify due to his wife's sudden illness and hospitalization. The trial court granted the Commonwealth's request for a continuance, over the objection of appellant, and the trial was rescheduled for October 6, 1993. In August of 1993, the Commonwealth again requested a continuance to accommodate Trooper Hogan's scheduled vacation. This request was granted over appellant's objection. Finally, on December 20, 1993, the trial de novo proceeded and appellant was found guilty of violating 75 Pa.C.S. § 3362(a)(2). Thereafter, appellant was sentenced to pay the costs of prosecution and a fine of $75.00, which were to be vacated if he filed timely post-verdict motions. Appellant filed a timely post-verdict motion which was denied, and on April 22, 1994 appellant's sentence was reinstated. This timely appeal followed.

Appellant contends the trial court abused its discretion by granting a continuance where a dismissal was required. We agree.

Preliminarily, we note the Pennsylvania Rules of Construction explain where the "words of a statute [1] are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b).

---

1. Rules of statutory construction are incorporated into the Rules of Criminal Procedure by Pa.R.Crim.P. Rule 2.

With this standard in mind, we examine the applicable statute. The Pennsylvania Rules of Criminal Procedure provide:

> In appeals from summary proceedings arising under the Motor Vehicle Code (Title 75 of Pennsylvania Consolidated Statutes) or local traffic ordinances, other than parking offenses, the law enforcement officer who observed the alleged offense must appear and testify. Unless the presence of the law enforcement officer is waived in open court by the defendant, the failure of the officer to appear and testify shall result in a dismissal of the charges.

Pa.R.Crim.P. Rule 86(f). The words of this rule are clear; where an officer fails to appear to testify, the charges must be dismissed unless the defendant waives the officer's presence in open court. No other exception to this rule is provided.

The Commonwealth cites Pa.R.Crim.P. Rule 301 for the proposition that a trial court is vested with broad discretion to grant a request for a continuance when justice will be served. *See also Commonwealth v. Micelli,* 392 Pa.Super. 563, 573 A.2d 606 (1990) (Commonwealth should have been granted a continuance because of arresting officer's National Guard duty). However, the Statutory Construction Act explains that:

> Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail.

1 Pa.C.S. § 1933.

Here, as appellant did not waive Trooper Hogan's presence, the charges should have been dismissed. Rule 86(f) of the Pennsylvania Rules of Criminal Procedure is clear and unambiguous in this regard. Moreover, Rule 86(f) pertains specifi-

cally to the instant case, which is an appeal of summary proceedings arising under the Motor Vehicle Code. In contrast, Rule 301 is a general rule regarding continuances in any criminal matter. Thus, as Rule 301 is general, whereas Rule 86(f) is specific, Rule 86(f) prevails. *Bureau of Driver Licensing v. Campbell,* 138 Pa.Commw. 337, 588 A.2d 75 (1991) (where a general provision conflicts with a specific provision in the same or another statute, the specific provision shall prevail). Because the trial court improperly allowed a continuance, despite appellant's objection, we reverse.

Reversed.