659 A.2d 573

**COMMONWEALTH of Pennsylvania**

v.

**Monique Lorraine CORTES, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 27, 1995.

Filed May 23, 1995.

Donald E. Lewis, Meadville, for appellant.

Mark D. Waitlevertch, Asst. Dist. Atty., Meadville, for the Com., appellee.

Before DEL SOLE, SAYLOR and HOFFMAN, JJ.

260

DEL SOLE, Judge:

Appellant was convicted and sentenced for delivery of a controlled substance, possession with intent to deliver a controlled substance, and criminal conspiracy. She presents two issues challenging the sufficiency of the evidence on the possession crimes and the conspiracy. In reply, the Commonwealth claims these issues are waived. We reject the waiver argument and affirm the judgment of sentence.

The jury's verdict of guilt was rendered on March 16, 1994, and following Appellant's sentencing, an appeal was filed May 25, 1994. The trial court, exercising its authority under Pa.R.App.P. 1925, entered an order directing the Appellant file a concise statement of matters complained of on appeal within fourteen days, but Appellant failed to file this statement. The Commonwealth argues that Appellant's failure to comply with the Rule 1925 request resulted in a waiver of all issues on appeal.

 Rule 1925(b) of the Rules of Appellate procedure provides:

The lower court forthwith may enter an order directing the appellant to file of record in the lower court and serve on the trial judge a concise statement of the matter complained of on the appeal no later than 14 days after entry of such order. A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of.

In the past, this court has found issues to have been waived where no 1925(b) statement was filed or where an issue was not included in a filed statement. *Commonwealth v. Phillips*, 411 Pa.Super 329, 601 A.2d 816 (1992), *affirmed*, 534 Pa. 423, 633 A.2d 604 (1993). However, the amendments to the Rules of Criminal Procedure, which became effective for determinations of guilt occurring after January 1, 1994, require reevaluation of this waiver concept.

Rule 1410, in particular, changes criminal post-trial proceedings in various ways. The former Post-verdict Motion and the Motion to Modify Sentence are now combined into one Post-

sentence Motion. Its filing in summary cases is now eliminated. Also, Post-sentencing motions are optional and a direct appeal following sentencing is permitted. The concept of waiver for failing to raise an issue in a Post-sentence motion has been abrogated. Rule 1410(B)(1)(c) states:

> Issues raised before or during trial shall be preserved for appeal whether or not the defendant elects to file a post-sentence motion on those issues.

This change has been referred to as eliminating the "double waiver" doctrine.

Prior practice required that to preserve an issue for appeal, the matter must have been raised initially when it occurred either before or during trial, and then be included in the Post-verdict Motion. Failure to include an issue in the Post-verdict Motion resulted in it being waived on appeal and often led to subsequent attacks on the conviction claiming counsel's ineffectiveness. New Rule 1410 was intended to eliminate this cumbersome process and allow the first appeal to address the issues properly raised before and during trial.

To accept the Commonwealth's argument that failure to include an issue in a 1925(b) statement automatically results in waiver on appeal would be a return to the "double waiver" concept. This we believe is contrary to the policy embodied in Rule 1410 and, therefore, we refuse the Commonwealth's invitation to breathe new life into "double waiver." Admittedly, no statement of matters complained of on appeal was filed. However, that does not prevent us from addressing the issues raised by Appellant. Both issues deal with sufficiency of the evidence to sustain the convictions, and are easily resolved by a review of the record. The lack of the 1925(b) statement does not prevent meaningful appellate review. We see no reason to invite a collateral attack claiming ineffectiveness, which 1410 seeks to eliminate, adding another layer of unnecessary judicial activity and delay.

Recently, in *Commonwealth v. Donnelly*, 439 Pa.Super 70, 653 A.2d 35 (1995) we held that Rule 1410 has not relieved trial courts from the obligation of filing 1925 opinions. How-

ever, where the issues raised could be reviewed without the benefit of a trial court opinion, we would do so. This avoids the delay necessitated by remanding the matter for an opinion. The same policy considerations apply where the issues raised on appeal were not first presented to the trial judge in either a Post-sentencing Motion or in a 1925 statement. Under these circumstances waiver or remand is no longer automatic and this court will discharge its appellate function unless the lack of a trial court opinion addressing a specific issue raised on appeal prevents meaningful review.

██ Turning to the issues raised by Appellant, we conclude that the evidence was sufficient to sustain both convictions. She claims that she was merely present during the sale of drugs to an undercover officer, not a participant. The record establishes that she acted as the interpreter between the buyer and seller. She was the tenant of the apartment where the transaction occurred, and raised questions before the sale about whether the buyer was a police officer. After the sale, she sought to arrange future dealings with the officer. Given this testimony, there was sufficient evidence for the jury to convict the Appellant on all charges.

Judgment of sentence affirmed.

Concurring opinion by HOFFMAN, J.

HOFFMAN, Judge, concurring:

The majority concludes that:

[i]n the past, this court has found issues to have been waived where no 1925(b) statement was filed or where an issue was not included in a filed statement.... However, the amendments to the Rules of Criminal Procedure, which became effective for determinations of guilt occurring after January 1, 1994, require re-evaluation of this waiver concept.

*Cortes, supra* 442 Pa.Super. 258, 659 A.2d 573. I cannot agree with my colleague's position that the creation of the new Pa.R.Crim.P. 1410 may have an effect on the waiver provision of Appellate Rule 1925(b). The plain reading of Rule 1410

suggests only that the filing of post-sentencing motions are now optional and that the failure to file these motions will no longer result in the waiver of issues on appeal. *See* 1 Pa.C.S. § 1901 (where language of statute is clear and unambiguous, judiciary must read its provisions in accordance with their plain meaning and common usage).[1] Furthermore, after an extensive review of the comment and the Committee explanatory report to the changes in Rule 1410, I find no evidence that the Supreme Court intended this rule to supercede the waiver provision provided by Appellate Rule 1925(b).

Accordingly, for these reasons, I concur.

---

1. We have previously stated that the rules of statutory construction may be applied to interpret the rules of criminal procedure. *Commonwealth v. Hightower*, 438 Pa.Super. 400, 652 A.2d 873, 873 n. 1 (1995) (citing Pa.R.Crim.P. 2).