J-S49042-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RACHIEM GODFREY, | |
| Appellant | No. 356 MDA 2015 |

Appeal from the Order Entered February 10, 2015
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0001154-2008

BEFORE:  BENDER, P.J.E., ALLEN AND OLSON, JJ.

MEMORANDUM BY OLSON, J.:                 **FILED AUGUST 28, 2015**

Appellant, Rachiem Godfrey, appeals from the order entered on February 10, 2015, dismissing as untimely his second petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  In this appeal, Appellant filed his court-ordered concise statement of errors complained of on appeal ("concise statement") three weeks after the deadline set by the PCRA court.  Because PCRA proceedings are technically civil in nature, we hold that Pennsylvania Rule of Appellate Procedure 1925(c)(3), and the waiver procedure announced in *Commonwealth v. Burton*, 973 A.2d 428 (Pa. Super. 2009) (*en banc*), do not apply in PCRA appeals.  As such, we may not overlook Appellant's failure to comply with Rule 1925 and we conclude that he has waived all of his issues on appeal.  Accordingly, we affirm.

The trial court accurately summarized the factual background of this case as follows.

> Officer Bret Fisher testified he was dispatched to Gary's Bar and Grill (Gary's) for both a disturbance and a gun on the premises. When he arrived at Gary's, patrons explained [that] a man at the end of the bar had a gun. One of these men was [Appellant]. Upon noticing police inside Gary's, [Appellant] got up from his seat and began to move towards the back of the bar. Officer Fisher told [Appellant] to stop; [Appellant] kept walking at a quick pace away from law enforcement. Officer Fisher then caught up to [Appellant] and grabbed him. As he did so, he felt what he believed to be a gun on [Appellant]'s person. [Appellant] wriggled and moved in such a way as to prevent Officer Fisher from holding him still. Eventually, [Appellant], Officer Fisher, and Sergeant Baylor fell to the ground due to the momentum of the tussle. [Appellant] fell and layed face down on the bar floor. His hands were locked beneath him, aimed towards his belt buckle. [Appellant]'s hands were thus at the same place where Officer Fisher felt what he believed to be a firearm. [Appellant] was eventually tasered and relaxed his arms. The officers stood [Appellant] up. A firearm lay on the ground, directly beneath where [Appellant] previously laid. Officer Fisher testified the firearm was loaded, operational, with a barrel length of less than [15] inches; the serial number was removed.

Trial Court Opinion, 7/24/09, at 4 (internal citations omitted).

The relevant procedural history of this case is as follows. On March 2, 2009, Appellant was found guilty of possession of a firearm by a prohibited person,[1] carrying a firearm without a license,[2] possession of a firearm with

---

[1] 18 Pa.C.S.A. § 6105(a)(1).

[2] 18 Pa.C.S.A. § 6106(a)(1).

an obliterated serial number,[3] resisting arrest,[4] and disorderly conduct.[5] He was sentenced to an aggregate term of 12½ to 25 years' imprisonment. On July 26, 2011, this Court affirmed Appellant's judgment of sentence. **Commonwealth v. Godfrey**, 32 A.3d 281 (Pa. Super. 2011) (unpublished memorandum). Appellant did not seek further review.

On July 13, 2012, Appellant filed a *pro se* PCRA petition. Counsel was appointed and filed an amended petition. On October 29, 2012, after attempting to hold an evidentiary hearing,[6] the PCRA court denied Appellant's first PCRA petition. This Court affirmed the denial of Appellant's first PCRA petition and our Supreme Court denied further review. **Commonwealth v. Godfrey**, 82 A.3d 1073 (Pa. Super. 2013) (unpublished memorandum), *appeal denied*, 80 A.3d 775 (Pa. 2013).

On December 19, 2014, Appellant filed this, his second, *pro se* PCRA petition. In his petition, Appellant did not allege an exception to the PCRA's one-year time bar. Counsel once again was appointed; however, no amended petition was filed. On January 12, 2014, the PCRA court, citing the petition's untimeliness, issued notice of its intent to dismiss Appellant's

---

[3] 18 Pa.C.S.A. § 6110.2(a).

[4] 18 Pa.C.S.A. § 5104.

[5] 18 Pa.C.S.A. § 5503(a)(4).

[6] Appellant refused to participate in the evidentiary hearing. Specifically, he refused to confirm that he was Rachiem Godfrey. **See** N.T., 10/22/12, at 2-8. Therefore, the PCRA court did not proceed with the evidentiary hearing.

second PCRA petition without an evidentiary hearing. *See* Pa.R.Crim.P. 907. On January 22, 2015, Appellant filed a response to the Rule 907 notice which again failed to aver an exception to the PCRA's one-year time bar. On February 11, 2015, the PCRA court dismissed Appellant's second PCRA petition and, contemporaneously therewith, issued an opinion explaining that Appellant's petition was untimely and failed to satisfy any of the PCRA's timeliness exceptions. This timely appeal followed.

On February 26, 2015, the PCRA court ordered Appellant to file a concise statement within 21 days. *See* Pa.R.A.P. 1925(b). On April 9, 2015, Appellant filed his concise statement. On April 10, 2015, the PCRA court issued an order adopting its February 11, 2015 opinion.

Appellant presents three issues for our review:

1. Did the trial court err in determining that Appellant's second PCRA petition was untimely?

2. Did the trial court err in determining that Appellant did not meet the standard for second or subsequent PCRA petitions as set forth in *Commonwealth v. Szuchon*, [] 633 A.2d 1098 ([Pa.] 1993)?

3. Did the trial court err in determining that [Appellant's] first PCRA counsel [] was not ineffective for failing to amend Appellant's first PCRA petition to include additional arguments Appellant requested, namely that the trial court did not instruct the jury that Appellant was presumed to be innocent; that trial counsel was ineffective for failing to hire an investigator, as Appellant requested; and that the trial judge denied his right to confront witnesses?

Appellant's Brief at 4 (extraneous capitalization omitted).

Appellant raises three issues for our consideration. "Prior to addressing the substance of [Appellant's arguments; however,] we must determine whether [he] properly preserved [the issues]." ***Madrid v. Alpine Mountain Corp.***, 24 A.3d 380, 382 (Pa. Super. 2011), *appeal denied*, 40 A.3d 1237 (Pa. 2012) (citation omitted). In its brief, the Commonwealth argues that Appellant waived all of his issues raised on appeal because his concise statement was untimely. ***See*** Commonwealth's Brief at 3 n.1. "Because this argument requires us to interpret a procedural rule, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Noel***, 53 A.3d 848, 851 (Pa. Super. 2012), *aff'd*, 104 A.3d 1156 (Pa. 2014) (citation omitted).

In order to understand the background of Rule 1925(c)(3) and ***Burton***, we begin with a brief overview of Pennsylvania Rule of Appellate Procedure 1925. Under Rule 1925, the trial court may order the appellant to file a concise statement of the errors complained of on appeal.[7] Pa.R.A.P. 1925(b). The order requiring a concise statement must set forth the time for filing said statement; however, the appellant must be given at least 21 days to file his or her concise statement. Pa.R.A.P. 1925(b)(2),

---

[7] The rules for concise statements in children's fast track, Abortion Control Act, and Pennsylvania Code of Military Justice cases differ from those in traditional cases. ***See*** Pa.R.A.P. 1925(a)(2)(i), 3802, 4004(b). For simplicity, we only address Rule 1925 as it pertains to traditional civil and criminal cases.

1925)(b)(3)(i). Failure to file a timely concise statement or failure to include an issue in a concise statement results in that issue being waived.[8] Pa.R.A.P. 1925(b)(4)(vii). After the filing of the concise statement, the trial court must issue a Rule 1925(a) opinion or indicate where in the record the reasoning for its decision can be found.[9] Pa.R.A.P. 1925(a).

Rule 1925 became effective July 1, 1976. Shortly after Rule 1925 took effect, our Supreme Court held that failure to include an issue in a concise statement resulted in waiver of that issue. *See In re Harrison Square, Inc.*, 368 A.2d 285, 288 (Pa. 1977) (finding waiver under former Supreme Court Rule 56 which was replaced by Rule 1925). Slowly, this Court developed exceptions to this rule. For example, in *Commonwealth v. Cortes*, 659 A.2d 573 (Pa. Super. 1995), this Court held an issue was not waived despite the failure of the appellant to include the issue in his concise statement. This Court reasoned in *Cortes* that the failure to include the issue in the appellant's concise statement did not prevent effective review of the issue. *Id.* at 574. Subsequently, however, our Supreme Court abrogated *Cortes* and similar cases. *See Commonwealth v. Lord*, 719 A.2d 306 (Pa. 1998). In *Lord*, our Supreme Court held that failure to

---

[8] There are, however, certain issues that cannot be waived. For example, an illegal sentencing claim cannot be waived. *Commonwealth v. Orie Melvin*, 103 A.3d 1, 52 (Pa. Super. 2014) (citations omitted).

[9] If a different judge issued the order giving rise to the appeal, the trial court may ask that judge to prepare a Rule 1925(a) opinion. Pa.R.A.P. 1925(a)(1).

include an issue in a concise statement resulted in waiver. *Id.* at 309. Our Supreme Court later clarified that waiver was automatic and that this Court lacked the discretion to address the merits of issues not included in a concise statement. *See Commonwealth v. Butler*, 812 A.2d 631, 633 (Pa. 2002).

Despite *Lord* and *Butler*, however, this Court continued to hold that, in certain circumstances, issues were preserved when they were included in an untimely concise statement. *E.g., Commonwealth v. Alsop*, 799 A.2d 129 (Pa. Super. 2002); *Commonwealth v. Ortiz*, 745 A.2d 662 (Pa. Super. 2000). In *Commonwealth v. Castillo*, 888 A.2d 775 (Pa. 2005), our Supreme Court abrogated *Alsop*, *Ortiz*, and similar cases and held that issues included in an untimely concise statement are automatically waived. *Id.* at 776-780.

As noted above, Appellant was ordered to file his concise statement on or before March 19, 2015. Appellant did not seek an extension of time to file his concise statement nor did he seek leave to file his concise statement *nunc pro tunc*. *See* Pa.R.A.P. 1925(b)(2) (permitting trial court to extend the time for filing a concise statement or allow the filing of a concise statement *nunc pro tunc*). Instead, Appellant filed his concise statement 21 days late, on April 9, 2015. Therefore, it appears that, under *Castillo* and its progeny, Appellant has waived all of his issues.

After **Castillo**, however, Rule 1925 was amended.  **See** 37 Pa.B. 2405 (May 26, 2007).  Specifically, Rule 1925 was amended, *inter alia*, to add the following subsection:

> If an appellant in a **criminal case** was ordered to file a [concise s]tatement and failed to do so, such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a [concise s]tatement *nunc pro tunc* and for the preparation and filing of an opinion by the [trial court].

Pa.R.A.P. 1925(c)(3) (emphasis added).  Construing Rule 1925(c)(3), this Court in **Burton** held that Rule 1925(c)(3) allows appellate review of issues raised in untimely concise statements where the trial court has addressed the claims in its Rule 1925(a) opinion.  **Burton**, 973 A.2d at 430-433.  If, on the other hand, the trial court does not address the issues raised in an untimely concise statement, this Court will remand to the trial court to address those issues.  ***Id.***

This case presents the question of whether the waiver rule announced in **Burton** applies in the PCRA context.[10]  We begin with the plain language of Rule 1925(c)(3).  When the language of a rule of appellate procedure is "clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."  1 Pa.C.S.A. § 1921(b); **see** Pa.R.A.P. 107 (The Statutory Construction Act "so far as not inconsistent with any express provision of these rules, shall be applicable to the

---

[10] Our own research confirms that, to date, no appellate court in Pennsylvania has applied Rule 1925(c)(3) or **Burton** in the PCRA context.

- 8 -

interpretation of these rules and all amendments hereto to the same extent as if these rules were enactments of the General Assembly.").

The plain language of Rule 1925(c)(3) makes it applicable only in criminal cases. Our Supreme Court, this Court, and the Commonwealth Court have held that "[t]he PCRA system is not part of the criminal proceeding itself, but civil in nature." *Commonwealth v. Haag*, 809 A.2d 271, 284 (Pa. 2002), *citing* *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987); *Commonwealth v. Renchenski*, 52 A.3d 251, 259 (Pa. 2012) (citations omitted); *Commonwealth v. Bennett*, 930 A.2d 1264, 1273 (Pa. 2007); *Commonwealth v. Martorano*, 89 A.3d 301, 302 (Pa. Super. 2014); *Commonwealth v. Real Prop. & Improvements Known as 2304 Cecil B. Moore Ave. Phila., PA 19121-2927*, 2012 WL 8685547, *2 n.11 (Pa. Cmwlth. Nov. 14, 2012) (citation omitted). Therefore, under the plain language of Rule 1925(c)(3), it does not apply to PCRA proceedings. As *Burton*'s waiver rule was solely based upon application of Rule 1925(c)(3), it too is inapplicable in the PCRA context.

Furthermore, our Supreme Court has stated in *dicta* that *Burton* does not apply in the PCRA context. In *Commonwealth v. Hill*, 16 A.3d 484 (Pa. 2011), our Supreme Court confronted a case governed by the 1988 version of Rule 1925. *Id.* at 494-495. Thus, Rule 1925(c)(3) did not apply in *Hill*. *Id.* Nonetheless, our Supreme Court opined, in *dicta*, that "[w]e need not determine whether the circumstances presented would satisfy the

terms of amended Rule 1925(c)(3), if the amendment applied. We note, however, that the amendment speaks of remand only in 'criminal cases.' Technically, the PCRA is civil in nature." **Hill**, 16 A.3d at 495 n.14.

Although our Supreme Court's statement in **Hill** was *dicta*, we find it persuasive. **See In re J.V.**, 762 A.2d 376, 381 (Pa. Super. 2000) ("To the extent our highest court's reasoned analyses may be *dicta*, we find the reasoning persuasive[.]"). Our Supreme Court relied upon the plain language of Rule 1925(c)(3) when opining that it does not apply in the PCRA context. **Hill**, 16 A.3d at 495 n.14. As noted above, this is the same rationale we used to determine that Rule 1925(c)(3) does not apply in the PCRA context.

For these reasons, we hold that the waiver rule this Court announced in **Burton** does not apply in the PCRA context. Instead, issues included in an untimely concise statement in a PCRA appeal are automatically waived under **Castillo**. As Appellant filed an untimely concise statement, all of the issues he raises on appeal are waived. Accordingly, we affirm the dismissal of his second PCRA petition.[11]

---

[11] Even if we reached the merits of Appellant's issues raised on appeal, we would conclude that the PCRA court correctly held that it lacked jurisdiction over Appellant's second PCRA petition. Appellant's second PCRA petition was patently untimely as it was filed more than one year after his judgment of sentence became final. 42 Pa.C.S.A. § 9545(b)(1). Therefore, in order for the PCRA court to possess jurisdiction, one of the three statutory timeliness exceptions must apply. **See Commonwealth v. Callahan**, 101 A.3d 118, 121 (Pa. Super. 2014). In order to invoke a timeliness exception, a PCRA
*(Footnote Continued Next Page)*

J-S49042-15

Order affirmed.

President Judge Emeritus Bender and Judge Allen concur in the result.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/28/2015

---

*(Footnote Continued)*

petitioner must plead and prove the exception in his or her PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(1); **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007), *appeal denied*, 959 A.2d 927 (Pa. 2008). In this case, Appellant failed to plead the applicability of a timeliness exception in his petition.

Furthermore, even if we concluded that Appellant pled a timeliness exception, we would conclude that it would not apply. Specifically, in his Rule 907 response, Appellant averred that he became aware of newly discovered evidence – our Supreme Court's denial of his petition for allowance of appeal - in December 2013. **See** Response to the PCRA Court's Rule 907 Notice, 1/22/15, at 2. Appellant did not file the instant petition until December 2014, well outside the 60-day timeframe for filing a petition under the newly discovered evidence exception. 42 Pa.C.S.A. § 9545(b)(2). Accordingly, the PCRA court correctly held that it lacked jurisdiction over the petition.

- 11 -