RULE 458.  DISMISSAL IN SUMMARY CASES UPON SATISFACTION OR AGREEMENT.

(A)  When a defendant is charged with a summary offense, the issuing authority may dismiss the case upon a showing that:

(1)  the public interest will not be adversely affected;

(2)  the attorney for the Commonwealth, or in cases in which no attorney for the Commonwealth is present at the summary proceeding, the affiant, consents to the dismissal;

(3)  satisfaction has been made to the aggrieved person or there is an agreement that satisfaction will be made to the aggrieved person; and

(4)  there is an agreement as to who shall pay the costs.

(B)  When an issuing authority dismisses a case pursuant to paragraph (A), the issuing authority shall record the dismissal on the transcript.

COMMENT:  This rule permits an issuing authority to dismiss a summary case when the provisions of paragraph (A) are satisfied.

Paragraphs (A)(1) through (4) set forth those criteria that a defendant must satisfy before the issuing authority has the discretion to dismiss the case under this rule.

The requirement in paragraph (A)(2) that, when the attorney for the Commonwealth is present at the summary proceeding, he or she must consent to the dismissal, is one of the criteria, along with the other enumerated criteria, which gives the issuing authority discretion to dismiss a case under this rule, even when the affiant refuses to consent.

The requirement in paragraph (B) that the issuing authority include in the transcript of the case the fact that he or she dismissed the case is intended to ensure that an adequate record is made of any dismissals under this rule.

**For dismissal upon satisfaction or by agreement in summary cases, as defined in Rule 103, that have been appealed to the court of common pleas, see Rule 463.**

For dismissal upon satisfaction or agreement in a court case charging a misdemeanor that is pending before an issuing authority, see Rule 546.

For dismissal upon satisfaction or agreement by a judge of the court of common pleas **in court cases**, see Rule 586.

NOTE:  Rule 88 adopted April 18, 1997, effective July 1, 1997; renumbered Rule 458 and *Comment* revised March 1, 2000, effective April 1, 2001 **[.]** **; *Comment* revised January 27, 2021, effective June 1, 2021.**

\* \* \* \* \* \*

*COMMITTEE EXPLANATORY* <u>*REPORTS*</u>*:*

<u>*Final*</u> <u>*Report*</u> *explaining the provisions of new Rule 88 published with the Court's Order at 27* <u>*Pa.B.*</u> *2119 (May 3, 1997).*

<u>*Final*</u> <u>*Report*</u> *explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30* <u>*Pa.B.*</u> *1478 (March 18, 2000).*

<u>*Final Report explaining the January 27, 2021 Comment revisions regarding dismissal by agreement of summary cases in the common pleas court published with the Court's Order at 51 Pa.B. (          , 2021).*</u>

RULE 460.  NOTICE OF APPEAL.

(A)  When an appeal is authorized by law in a summary proceeding, including an appeal following a prosecution for violation of a municipal ordinance that provides for imprisonment upon conviction or upon failure to pay a fine, an appeal shall be perfected by filing a notice of appeal within 30 days after the entry of the guilty plea, the conviction, or other final order from which the appeal is taken.  The notice of appeal shall be filed with the clerk of courts.

(B)  The notice of appeal shall contain the following information:

(1)  the name and address of the appellant;

(2)  the name and address of the issuing authority who accepted the guilty plea or heard the case;

(3)  the magisterial district number in which the case was heard;

(4)  the name and mailing address of the affiant as shown on the complaint or citation;

(5)  the date of the entry of the guilty plea, the conviction, or other final order from which the appeal is taken;

(6)  the offense(s) of which convicted or to which a guilty plea was entered, if any;

(7)  the sentence imposed, and if the sentence includes a fine, costs, or restitution, whether the amount due has been paid;

(8)  the type or amount of bail or collateral, if any, furnished to the issuing authority;

(9)  the name and address of the attorney, if any, filing the notice of appeal; and

(10)  except when the appeal is from a guilty plea or a conviction, the grounds relied upon for appeal.

(C)  Within 5 days after filing the notice of appeal, a copy shall be served either personally or by mail by the clerk of courts upon the issuing authority, the affiant, and the appellee or appellee's attorney, if any.

3

(D)  The issuing authority shall, within 20 days after receipt of the notice of appeal, file with the clerk of courts:

>   (1)  the transcript of the proceedings;

>   (2)  the original complaint or citation, if any;

>   (3)  the summons or warrant of arrest, if any; and

>   (4)  the bail bond, if any.

(E)  This rule shall provide the exclusive means of appealing from a summary guilty plea or conviction.  Courts of common pleas shall not issue writs of *certiorari* in such cases.

(F)  This rule shall not apply to appeals from contempt adjudications.

> COMMENT:  This rule is derived from former Rule 86(A), (D), (E), (F), (H), and (I).
>
> This rule applies to appeals in all summary proceedings, including appeals from prosecutions for violations of municipal ordinances that provide for the possibility of imprisonment, and default hearings.
>
> This rule was amended in 2000 to make it clear in a summary criminal case that the defendant may file an appeal for a trial *de novo* following the entry of a guilty plea.
>
> Appeals from contempt adjudications are governed by Rule 141.
>
> The narrow holding in *City of Easton v. Marra*, 326 A.2d 637 (Pa. Super. 1974), is not in conflict, since the record before the court did not indicate that imprisonment was possible under the ordinance there in question.
>
> *See* Rule 461 for the procedures for executing a sentence of imprisonment when there is a stay.
>
> "Entry," as used in this rule, means the date on which the issuing authority enters or records the guilty plea, the

conviction, or other order in the magisterial district judge computer system.

When the only issues on appeal arise solely from an issuing authority's determination after a default hearing pursuant to Rule 456, the matter must be heard *de novo* by the appropriate judge of the court of common pleas and only those issues arising from the default hearing are to be considered. It is not intended to reopen other issues not properly preserved for appeal. A determination after a default hearing would be a final order for purposes of these rules.

Paragraph (D) was amended in 2003 to align this rule with Rule 401(A), which permits the electronic transmission of parking violation information in lieu of filing a citation. Therefore, in electronically transmitted parking violation cases only, because there is no original citation, the issuing authority would file the summons with the clerk of courts pursuant to paragraph (D)(3).

Rule 462(D) provides for the dismissal of an appeal when the defendant fails to appear for the trial *de novo*.

*See* Rule 462(F) regarding the retention of a case at the court of common pleas when a petition to file an appeal *nunc pro tunc* has been denied.

*Certiorari* was abolished by the Criminal Rules in 1973 pursuant to Article V Schedule Section 26 of the Constitution of Pennsylvania, which specifically empowers the Supreme Court of Pennsylvania to do so by rule. This Schedule section is still viable, and the substance of this Schedule section has also been included in the Judicial Code, 42 Pa.C.S. § 934. The abolition of *certiorari* continues with this rule.

**For dismissal upon satisfaction or by agreement in summary cases, as defined in Rule 103, that have been appealed to the court of common pleas, see Rule 463.**

NOTE: Former Rule 86 adopted July 12, 1985, effective January 1, 1986; revised September 23, 1985, effective January 1, 1986; the January 1, 1986 effective dates extended to July 1, 1986; amended February 2, 1989, effective March 1, 1989; amended March 22, 1993, effective January 1, 1994; amended October 28, 1994, effective as to cases instituted on or after January 1, 1995; amended February 27, 1995, effective July 1, 1995; amended October 1, 1997, effective October 1, 1998; amended May 14, 1999, effective July 1, 1999; amended March 3, 2000, effective July 1, 2000; rescinded March 1, 2000, effective April 1, 2001, and paragraphs (A), (D), (E), (F), (H), and (I) replaced by Rule 460. New Rule 460 adopted March 1, 2000, effective April 1, 2001; amended February 6, 2003, effective July 1, 2003; *Comment* revised February 28, 2003, effective July 1, 2003; *Comment* revised December 29, 2017, effective April 1, 2018 **[.]** **; *Comment* revised January 27, 2021, effective June 1, 2021.**

\*　　　　\*　　　　\*　　　　\*　　　　\*　　　　\*

*COMMITTEE EXPLANATORY REPORTS:*

**Former Rule 86:**

***Final Report* explaining the March 22, 1993 amendments to former Rule 86 published with the Court's Order at 23 Pa.B. 1699 (April 10, 1993).**

***Final Report* explaining the October 28, 1994 amendments to former Rule 86 published with the Court's Order at 24 Pa.B. 5843 (November 26, 1994).**

***Final Report* explaining the February 27, 1995 amendments to former Rule 86 published with the Court's Order at 25 Pa.B. 935 (March 18, 1995).**

***Final Report* explaining the October 1, 1997 amendments to former Rule 86 published with the Court's Order at 27 Pa.B. 5408 (October 18, 1997.)**

*Final Report* explaining the March 3, 2000 amendments concerning appeals from guilty pleas published with the Court's Order 30 Pa.B. 1509 (March 18, 2002).

**New Rule 460:**

*Final Report* explaining the reorganization and renumbering of the rules and the provisions of Rule 460 published at 30 Pa.B. 1478 (March 18, 2000).

*Final Report* explaining the February 6, 2003 changes concerning electronically transmitted parking citations published at 33 Pa.B. 969 (February 22, 2003).

*Final Report* explaining the February 28, 2003 Comment revision cross-referencing Rule 461 published with the Court's Order at 33 Pa.B. 1324 (March 15, 2003).

*Final Report* explaining the December 29, 2017 Comment revision cross-referencing Rule 462(F) published with the Court's Order at 48 Pa.B. 224 (January 12, 2018).

*Final Report explaining the January 27, 2021 Comment revisions regarding dismissal by agreement of summary cases in the common pleas court pursuant to Rule 458 published with the Court's Order at 51 Pa.B.      (          , 2021).*

RULE 462.  TRIAL *DE NOVO.*

(A)  When a defendant appeals after the entry of a guilty plea or a conviction by an issuing authority in any summary proceeding, upon the filing of the transcript and other papers by the issuing authority, the case shall be heard *de novo* by the judge of the court of common pleas sitting without a jury.

(B)  The attorney for the Commonwealth may appear and assume charge of the prosecution.  When the violation of an ordinance of a municipality is charged, an attorney representing that municipality, with the consent of the attorney for the Commonwealth, may appear and assume charge of the prosecution.  When no attorney appears on behalf of the Commonwealth, the affiant may be permitted to ask questions of any witness who testifies.

(C)  In appeals from summary proceedings arising under the Vehicle Code or local traffic ordinances, other than parking offenses, the law enforcement officer who observed the alleged offense must appear and testify.  The failure of a law enforcement officer to appear and testify shall result in the dismissal of the charges unless:

(1)  the defendant waives the presence of the law enforcement officer in open court on the record;

(2)  the defendant waives the presence of the law enforcement officer by filing a written waiver signed by the defendant and defense counsel, or the defendant if proceeding *pro se*, with the clerk of courts; or

(3)  the trial judge determines that good cause exists for the law enforcement officer's unavailability and grants a continuance.

(D)  If the defendant fails to appear, the trial judge may dismiss the appeal and enter judgment in the court of common pleas on the judgment of the issuing authority.

(E)  If the defendant withdraws the appeal, the trial judge shall enter judgment in the court of common pleas on the judgment of the issuing authority.

(F)  If the defendant has petitioned the trial judge to permit the taking of an appeal *nunc pro tunc* and this petition is denied, the trial judge shall enter judgment in the court of common pleas on the judgment of the issuing authority.

(G) The verdict and sentence, if any, shall be announced in open court immediately upon the conclusion of the trial, or, in cases in which the defendant may be sentenced to intermediate punishment, the trial judge may delay the proceedings pending confirmation of the defendant's eligibility for intermediate punishment.

8

(H) At the time of sentencing, the trial judge shall:

(1) if the defendant's sentence includes restitution, a fine, or costs, state:

(a) the amount of the fine and the obligation to pay costs;

(b) the amount of restitution ordered, including

(i) the identity of the payee(s),

(ii) to whom the restitution payment shall be made, and

(iii) whether any restitution has been paid and in what amount; and

(c) the date on which payment is due.

If the defendant is without the financial means to pay the amount in a single remittance, the trial judge may provide for installment payments and shall state the date on which each installment is due;

(2) advise the defendant of the right to appeal to the Superior Court within 30 days of the imposition of sentence, and that, if an appeal is filed, the execution of sentence will be stayed and the trial judge may set bail;

(3) if a sentence of imprisonment has been imposed, direct the defendant to appear for the execution of sentence on a date certain unless the defendant files a notice of appeal within the 30-day period; and

(4) issue a written order imposing sentence, signed by the trial judge. The order shall include the information specified in paragraphs (H)(1) through (H)(3), and a copy of the order shall be given to the defendant.

(I) After sentence is imposed by the trial judge, the case shall remain in the court of common pleas for the execution of sentence, including the collection of any fine and restitution, and for the collection of any costs.

COMMENT: This rule is derived from former Rule 86(G) and former Rule 1117(c).

9

This rule was amended in 2000 to make it clear in a summary criminal case that the defendant may file an appeal for a trial *de novo* following the entry of a guilty plea.

"Entry," as used in paragraph (A) of this rule, means the date on which the issuing authority enters or records the guilty plea, the conviction, or other order in the magisterial district judge computer system.

The procedures for conducting the trial *de novo* in the court of common pleas set forth in paragraphs (B), (G), and (H) are comparable to the summary case trial procedures in Rule 454 (Trial in Summary Cases).

Pursuant to paragraph (B), the decision whether to appear and assume control of the prosecution of the trial *de novo* is solely within the discretion of the attorney for the Commonwealth. When no attorney appears at the trial *de novo* on behalf of the Commonwealth or a municipality, the trial judge may ask questions of any witness who testifies, and the affiant may request the trial judge to ask specific questions. In the appropriate circumstances, the trial judge also may permit the affiant to question Commonwealth witnesses, cross-examine defense witnesses, and make recommendations about the case to the trial judge.

The provisions of paragraph (C) that permit the court to continue the case if there is good cause for the officer's unavailability were added in response to *Commonwealth v. Hightower*, 652 A.2d 873 (Pa. Super. 1995).

Paragraph (D) makes it clear that the trial judge may dismiss a summary case appeal when the judge determines that the defendant is absent without cause from the trial *de novo*. If the appeal is dismissed, the trial judge should enter judgment and order execution of any sentence imposed by the issuing authority.

New paragraph (F) was added in 2017 to clarify that in a case in which a defendant seeks to file an appeal *nunc pro tunc,* and the common pleas judge denies that petition, the case will remain at the court of common pleas. This is consistent with the long-standing policy under the rules that

once a case has moved from the minor judiciary to the court of common pleas, the case remains at common pleas.

Paragraph (G) was amended in 2008 to permit a trial judge to delay imposition of sentence in order to investigate a defendant's eligibility for intermediate punishment for certain offenses, including summary violations of 75 Pa.C.S. §1543(b) (driving while license is under a DUI-related suspension), but only if he or she meets certain eligibility requirements, such as undergoing a drug and alcohol assessment.  Potentially this information may not be available to the trial judge following a trial *de novo* at the time of sentencing.

Pursuant to paragraph (H), if the defendant is convicted, the trial judge must impose sentence, and advise the defendant of the payment schedule, if any, and the defendant's appeal rights.  *See* Rule 704(A)(3) and Rule 720(D).  No defendant may be sentenced to imprisonment or probation if the right to counsel was not afforded at trial.  *See Alabama v. Shelton*, 535 U.S. 654 (2002), *Scott v. Illinois*, 440 U.S. 367 (1979), and *Argersinger v. Hamlin*, 407 U.S. 25 (1972).

Certain costs are mandatory and must be imposed.  *See, e.g.*, Section 1101 of the Crime Victims Act, 18 P.S. § 11.1101.

Once sentence is imposed, paragraph (I) makes it clear that the case is to remain in the court of common pleas for execution of the sentence and collection of any costs, and the case may not be returned to the magisterial district judge.  The execution of sentence includes the collection of any fines and restitution.

**For the procedure to dismiss upon satisfaction or by agreement a summary case, as defined in Rule 103, that has been appealed to the court of common pleas, see Rule 463.**

For the procedures concerning sentences that include restitution in court cases, see Rule 705.1.

For the procedures for appeals from the Philadelphia Municipal Court Traffic Division, see Rule 1037.

NOTE:  Former Rule 86 adopted July 12, 1985, effective January 1, 1986; revised September 23, 1985, effective January 1, 1986; the January 1, 1986 effective dates extended to July 1, 1986; amended February 2, 1989, effective March 1, 1989; amended March 22, 1993, effective January 1, 1994; amended October 28, 1994, effective as to cases instituted on or after January 1, 1995; amended February 27, 1995, effective July 1, 1995; amended October 1, 1997, effective October 1, 1998; amended May 14, 1999, effective July 1, 1999; rescinded March 1, 2000, effective April 1, 2001, and paragraph (G) replaced by Rule 462.  New Rule 462 adopted March 1, 2000, effective April 1, 2001; amended March 3, 2000, effective July 1, 2000; amended February 28, 2003, effective July 1, 2003; *Comment* revised March 26, 2004, effective July 1, 2004; amended January 18, 2007, effective August 1, 2007; amended December 16, 2008, effective February 1, 2009; *Comment* revised October 16, 2009, effective February 1, 2010; *Comment* revised May 7, 2014, effective immediately; amended March 9, 2016, effective July 1, 2016; amended December 29, 2017, effective April 1, 2018**[.] ; *Comment* revised January 27, 2021, effective June 1, 2021.**

\*          \*          \*          \*          \*          \*

### *COMMITTEE EXPLANATORY REPORTS:*

FORMER RULE 86:

*Final Report explaining the March 22, 1993 amendments to former Rule 86 published with the Court's Order at 23 Pa.B. 1699 (April 10, 1993).*

*Final Report explaining the October 28, 1994 amendments to former Rule 86 published with the Court's Order at 24 Pa.B. 5843 (November 26, 1994).*

*Final Report* explaining the February 27, 1995 amendments to former Rule 86 published with the Court's Order at 25 Pa.B. 935 (March 18, 1995).

*Final Report* explaining the October 1, 1997 amendments to former Rule 86 concerning stays published with the Court's Order at 27 Pa.B. 5408 (October 18, 1997).

*Final Report* explaining the May 14, 1999 amendments to former Rule 86, paragraph (G), concerning the police officer's presence published with the Court's Order at 29 Pa.B. 2776 (May 29, 1999).

NEW RULE 462:

*Final Report* explaining the reorganization and renumbering of the rules and the provisions of Rule 462 published at 30 Pa.B. 1478 (March 18, 2000).

*Final Report* explaining the March 3, 2000 amendments concerning appeals from guilty pleas published with the Court's Order at 30 Pa.B. 1508 (March 18, 2000).

*Final Report* explaining the February 28, 2003 amendments published with the Court's Order at 33 Pa.B. 1326 (March 15, 2003).

*Final Report* explaining the March 26, 2004 Comment revision published with the Court's Order at 34 Pa.B. 1931 (April 10, 2004).

*Final Report* explaining the January 18, 2007 amendment to paragraph (G)(2) published with the Court's Order at 37 Pa.B. 523 (February 3, 2007).

*Final Report* explaining the December 16, 2008 amendments to permit delay in sentencing for determination of intermediate punishment status published with the Court's Order at 39 Pa.B. 8 (January 3, 2009).

*Final Report* explaining the October 16, 2009 Comment revision regarding new Rule 1037 and procedures for the appeal from the Philadelphia Traffic Court published with the Court's Order at 39 Pa.B. 6327 (October 31, 2009).

*Final Report* explaining the May 7, 2014 *Comment* revision changing the cross-reference to the Philadelphia Traffic Court to the Traffic Division of the Philadelphia Municipal Court published with the Court's Order at 44 *Pa.B.* 3056 (May 24, 2014).

*Final Report* explaining the March 9, 2016 amendments to paragraph (G) concerning required elements of the sentence published with the Court's Order at 46 *Pa.B.* 1532 (March 26, 2016).

*Final Report* explaining the December 29, 2017 amendments regarding appeals *nunc pro tunc* published with the Court's Order at 48 *Pa.B.* 224 (January 13, 2018).

*Final Report explaining the January 27, 2021 Comment revisions regarding dismissal by agreement of summary cases in the common pleas court pursuant to Rule 458 published with the Court's Order at 51 Pa.B.      (          , 2021).*

14

RULE 463.  DISMISSAL OF SUMMARY CASES UPON SATISFACTION OR BY AGREEMENT IN THE COURT OF COMMON PLEAS.

When a defendant is charged in a summary case, as defined in Rule 103, that is before the court of common pleas, the judge of the court of common pleas may dismiss the case upon a showing that:

(A)  the public interest will not be adversely affected;

(B)  the attorney for the Commonwealth, or in cases in which no attorney for the Commonwealth is present at the summary proceeding, the affiant, consents to the dismissal;

(C)  satisfaction has been made to the aggrieved person or there is an agreement that satisfaction will be made to the aggrieved person; and

(D)  there is an agreement as to who shall pay the costs.

COMMENT:  This rule permits a judge of the court of common pleas to dismiss a summary case when the provisions of paragraph (A) through (D) are satisfied. This includes the situation when the summary case is before the court of common pleas pursuant to a summary appeal filed pursuant to Rule 462.

The requirement in paragraph (B) that, when the attorney for the Commonwealth is present at the summary proceeding, he or she must consent to the dismissal, is one of the criteria, along with the other enumerated criteria, which gives the judge discretion to dismiss a case under this rule, even when the affiant refuses to consent.

For dismissal upon satisfaction or agreement in a court case charging a misdemeanor that is pending before an issuing authority, see Rule 546.

For dismissal upon satisfaction or agreement by a judge of the court of common pleas in court cases, see Rule 586.

NOTE:  New Rule 463 adopted January 27, 2021, effective June 1, 2021.

\*       \*       \*       \*       \*       \*

*COMMITTEE EXPLANATORY <u>REPORTS</u>:*

***<u>Final Report explaining the adoption of new Rule 463 regarding dismissal by agreement of summary cases in the common pleas court published with the Court's Order at 51 Pa.B.     (          , 2021).</u>***

RULE 546.  DISMISSAL UPON SATISFACTION OR AGREEMENT.

When a defendant is charged in a case in which the most serious offense charged is a misdemeanor**[(s)]**, the issuing authority may dismiss the case upon a showing that:

(1)  the public interest will not be adversely affected;

(2)  the attorney for the Commonwealth, or in cases in which there is no attorney for the Commonwealth present, the affiant, consents to the dismissal;

(3)  satisfaction has been made to the aggrieved person or there is an agreement that satisfaction will be made to the aggrieved person; and

(4)  there is an agreement as to who shall pay the costs.

COMMENT:  Paragraphs (1) through (4) set forth those criteria that a defendant must satisfy before the issuing authority has the discretion to dismiss the case under this rule.

The requirement in paragraph (2) that, when the attorney for the Commonwealth is present, he or she must consent to the dismissal, is one of the criteria that, along with the other enumerated criteria, gives the issuing authority discretion to dismiss, even when the affiant refuses to consent.

A dismissal of the case pursuant to this rule is a dismissal of all the charges, including any summary offenses that have been joined with the misdemeanor(s) and are part of the case.  *See* the *Comment* to Rule 502 (Instituting Proceedings In Court Cases) (when a misdemeanor, felony, or murder is charged with a summary offense in the same complaint, the case should proceed as a court case under Chapter 5 Part B).   *See also* Rule 551 (Withdrawal of Charges Pending Before Issuing Authority) that permits the attorney for the Commonwealth to withdraw one or more of the charges.

For dismissal upon satisfaction or agreement in summary cases **in the magisterial district courts** see Rule 458.

**For the dismissal upon satisfaction or by agreement in summary cases, as defined in Rule 103, that have been appealed to the court of common pleas, see Rule 463.**

For court dismissal upon satisfaction or agreement **in court cases**, see Rule 586.

NOTE:  Formerly Rule 121, adopted June 30, 1964, effective January 1, 1965; suspended January 31, 1970, effective May 1, 1970; revised January 31, 1970, effective May 1, 1970; renumbered Rule 145 and amended September 18, 1973, effective January 1, 1974; amended January 28, 1983, effective July 1, 1983; amended April 18, 1997, effective July 1, 1997; renumbered Rule 546 and amended March 1, 2000, effective April 1, 2001; amended March 9, 2006, effective September 1, 2006 **[.] ;** *Comment* **revised January 27, 2021, effective June 1, 2021.**

\*          \*          \*          \*          \*          \*

*COMMITTEE EXPLANATORY REPORTS:*

*Final Report explaining the April 18, 1997 amendments aligning the rule with Rule 458 published with the Court's Order at 27 Pa.B. 2119 (May 3, 1997).*

*Final Report explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 Pa.B. 1478 (March 18, 2000).*

*Final Report explaining the March 9, 2006 amendments to the first paragraph and the Comment published with the Court's Order at 36 Pa.B. 1385 (March 25, 2006).*

*Final Report explaining the January 27, 2021 Comment revisions regarding dismissal by agreement of summary cases in the common pleas court published with the Court's Order at 51 Pa.B. (          , 2021).*