J-A29031-22

2023 PA Super 24

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KARISSA SMITH | : | |
| | : | |
| Appellant | : | No. 1185 WDA 2021 |

Appeal from the Judgment of Sentence Entered June 30, 2021,
in the Court of Common Pleas of Allegheny County,
Criminal Division at No(s):  CP-02-SA-0000237-2020.

BEFORE:  BENDER, P.J.E., OLSON, J., and KUNSELMAN, J.

OPINION BY KUNSELMAN, J.:　　　　　　　　　**FILED: FEBRUARY 15, 2023**

Karissa Smith appeals from the judgment of sentence imposed after she failed to appear at a trial *de novo* on a charge of driving while operating privilege is suspended or revoked.[1]  She argues that because the officer who observed the alleged offense also failed to appear, the trial court was required to dismiss the charge under Pennsylvania Rule of Criminal Procedure 462(C).  We hold that Rule 462(C) is mandatory when applicable, and the defendant's failure to appear does not negate it.  Accordingly, we vacate Smith's conviction and judgment of sentence, and we dismiss the charge against her.

On August 12, 2019, Ross Township Police Officer Justin Allenbaugh issued a traffic citation, alleging that Smith "operated a [motor vehicle] with a suspended operators license" at 10:01 p.m. on August 9, 2019.  On January

---

[1] 75 Pa.C.S.A. § 1543(b)(1)(i).  As charged, this is a first offense of driving under a DUI-related suspension.

22, 2020, Smith was convicted *in absentia* before a magisterial district judge, who imposed a $500.00 fine. The magisterial district judge did not contemporaneously sentence Smith to the required term of imprisonment.[2]

On February 12, 2020, Smith timely appealed her conviction to the Allegheny County Court of Common Pleas for a trial *de novo*. The scheduled trial was postponed once on Smith's motion and four times on the trial court's own motion. On June 30, 2021, the trial court heard the case. The assistant district attorney informed the court that neither Smith nor Officer Allenbaugh were present. The trial court indicated that neither Smith nor anyone on her behalf had contacted the court to explain her absence. It therefore ordered on the record that Smith's appeal was dismissed and judgment was entered on the sentence of the issuing authority. The trial court entered a separate order sentencing Smith to pay a fine of $500.00 and serve a term of 60 days of imprisonment.

Smith appealed *nunc pro tunc* to this Court. On preliminary review of the record, we directed the trial court to clarify whether Smith was entitled to appointed counsel. The trial court concluded that she was and thus appointed

---

[2] A defendant convicted under Section 1543(b)(1)(i) "shall . . . be sentenced to pay a fine of $500 and to undergo imprisonment for a period of not less than 60 days nor more than 90 days." A handwritten notation on the citation issued in the case states "Impose jail after filing appeal [period]." We interpret this as the magisterial district judge waiting to sentence Smith to a term of imprisonment until Smith's time to appeal to the Court of Common Pleas had ended. *See* Pa.R.Crim.P. 460(A) (providing 30 days to file a notice of appeal with the clerk of courts). Because Smith timely appealed, the magisterial district judge never imposed a jail sentence.

present counsel. Smith filed a concise statement of errors complained of on appeal *nunc pro tunc*, and the trial court entered an opinion.

Smith presents two issues for our review:

  I.   Based on a patent violation of Pa.R.Crim.P. 462(C), as well as her federal and state constitutional rights to due process of law, whether Ms. Smith's judgment of sentence and conviction under 75 Pa.C.S.A. § 1543(b)(1)(i) must be vacated and the case dismissed?

  II.  Based on a patent violation of Pa.R.Crim.P. 122(A), as well as her federal and state constitutional rights to counsel and due process of law, whether Ms. Smith's judgment of sentence and conviction under 75 Pa.C.S.A. § 1543(b)(1)(i) must be vacated and the matter remanded for a new summary appeal hearing?

Smith's Brief at 5.

Smith first contends that this Court should vacate her judgment of sentence and dismiss her case based on Rule 462(C).[3] Smith's Brief at 12–17. She argues that the Rule is unambiguous and mandatory. *Id.*

The Commonwealth counters that Rule 462(C) and (D) create an ambiguity in a case like this, where neither the defendant nor the officer appears for trial *de novo*. Commonwealth's Brief at 6–13. It suggests that this Court should determine that the rule is not mandatory and remand for a new trial. *Id.* (citing **Commonwealth v. Baker**, 690 A.2d 164, 167 (Pa. 1997) (listing examples of "shall" meaning "may")).

_____

[3] Because we grant relief based on Smith's rule-based argument, we do not address her constitutional argument. **Commonwealth v. Dunkins**, 263 A.3d 247, 253 n.5 (Pa. 2021).

When this Court interprets the Pennsylvania Rules of Criminal Procedure, "our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Libengood***, 152 A.3d 1057, 1059 (Pa. Super. 2016) (citing ***Commonwealth v. Hann***, 81 A.3d 57, 65 (Pa. 2013)). We construe the rules "in consonance with the rules of statutory construction" as set forth in the Statutory Construction Act, 1 Pa.C.S.A. §§ 1501–1991. ***Commonwealth v. McClelland***, 233 A.3d 717, 733 (Pa. 2020); Pa.R.Crim.P. 101(C). Generally, this requires "that provisions be interpreted in accordance with the plain meaning of their terms." ***Commonwealth v. Pressley***, 887 A.2d 220, 223 n.5 (Pa. 2005) (citing 1 Pa.C.S.A. § 1903(a)).

Rule 462, titled "Trial *De Novo*," provides in relevant part:

(C) In appeals from summary proceedings arising under the Vehicle Code or local traffic ordinances, other than parking offenses, the law enforcement officer who observed the alleged offense must appear and testify. The failure of a law enforcement officer to appear and testify shall result in the dismissal of the charges unless:

(1) the defendant waives the presence of the law enforcement officer in open court on the record;

(2) the defendant waives the presence of the law enforcement officer by filing a written waiver signed by the defendant and defense counsel, or the defendant if proceeding *pro se*, with the clerk of courts; or

(3) the trial judge determines that good cause exists for the law enforcement officer's unavailability and grants a continuance.

(D) If the defendant fails to appear, the trial judge may dismiss the appeal and enter judgment in the court of common pleas on the judgment of the issuing authority.

Pa.R.Crim.P. 462(C), (D).

We first hold that Rule 462(C) is mandatory when applicable. The precursor to Rule 462(C) provided in part: "Unless the presence of the law enforcement officer is waived in open court by the defendant, the failure of the officer to appear and testify shall result in a dismissal of the charges." *Commonwealth v. Hightower*, 652 A.2d 873, 873 (Pa. Super. 1995) (quoting former Pa.R.Crim.P. 86(f)). This Court found the words were "clear; where an officer fails to appear to testify, the charges must be dismissed unless the defendant waives the officer's presence in open court." *Id.* at 873–74. After *Hightower*, the rule was amended to allow the trial court to grant a continuance upon a showing of good cause for the officer's unavailability. Pa.R.Crim.P. 462, *Comment*. However, the operative phrase "shall result in a dismissal of the charges" has not changed. Nor do we change our reading of this language as mandatory in cases under Rule 462(C).

We next hold that the defendant's failure to appear does not negate Rule 462(C), notwithstanding Rule 462(D). By its plain language, Rule 462(C) does not depend on the defendant's presence. While Rule 462(C) is mandatory, Rule 462(D), which permits the trial court to dismiss a summary appeal upon the defendant's failure to appear, is not. When the officer who observed an alleged motor vehicle offense fails to appear at the trial *de novo*, Rule 462(C) requires the trial court to dismiss the charges unless one of the listed exceptions applies. *See Hightower*, 652 A.2d at 873. Because there is no additional exception for a case like this, where the defendant also fails to appear, we decline to create one.

- 5 -

In reaching this conclusion, we find no ambiguity in Rule 462. However, rules of statutory construction would resolve any ambiguity in favor of our holding that Rule 462(C) is mandatory, even when the defendant fails to appear as contemplated in Rule 462(D). While Rule 462(D) applies to all summary appeals, Rule 462(C) applies only in certain Vehicle Code and local traffic ordinance cases where a law enforcement officer observed the alleged offense. ***See Commonwealth v. Dougherty***, 679 A.2d 779, 781–82 (Pa. Super. 1996). Because its reach is more specific, Rule 462(C) would prevail in a conflict over Rule 462(D). ***See Commonwealth v. Callen***, 198 A.3d 1149, 1159 n.7 (Pa. Super. 2018) (citing 1 Pa.C.S.A. § 1933). Furthermore, Rule 462 is subject to the rule of lenity, codified at 1 Pa.C.S.A. § 1928(b)(a), which requires ambiguity in a penal statute to be interpreted in a light most favorable to the accused. ***Commonwealth v. Santiago***, 270 A.3d 512, 516 (Pa. Super. 2022) (quoting ***Commonwealth v. Davis***, 242 A.3d 923, 931 (Pa. Super. 2020)). Finally, our interpretation is consistent with the Commonwealth's burden of proof at the trial *de novo*; Rule 462(C) sets one instance where the Commonwealth cannot meet its burden. ***See Commonwealth v. Beam***, 923 A.2d 414, 417 (Pa. Super. 2007) (explaining that at a trial *de novo* under Rule 462(A), the trial court must redecide the case).

Here, the trial court erred in failing to dismiss Smith's Section 1543 charge upon Officer Allenbaugh's failure to appear. There is no dispute that Smith's case was an appeal from a summary proceeding arising under the

Vehicle Code, and that Officer Allenbaugh had observed the alleged offense to issue the citation. Therefore, Rule 462(C) applied to Smith's case. Because Smith was not present, she could not waive the officer's presence in open court on the record. Nor did she sign a written waiver. Finally, the trial court did not determine that good cause existed for the officer's unavailability and thus did not grant a continuance. As none of the exceptions listed in Rule 462(C) applied, the trial court was required to dismiss the charge against Smith, and it erred in not doing so.[4, 5] Therefore, we will vacate Smith's conviction and judgment of sentence and dismiss the charge against her.

Conviction and judgment of sentence vacated. Charge dismissed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/15/2023

---

[4] Further, as the magisterial district judge had not imposed the mandatory jail sentence before Smith appealed to the Court of Common Pleas, the trial court could not enter judgment "on the judgment of the issuing authority" without adding the additional term of imprisonment. Pa.R.Crim.P. 462(D).

[5] Because the parties have not briefed the issue, we offer no opinion whether the Commonwealth can re-file its charge.